ZAROUHI JENANYAN & others *vs.* ALTA N. J. FISHER & others.

Suffolk.   November 20, 1917. — February 28, 1918.

Present: RUGG, C. J., BRALEY, CROSBY, PIERCE, & CARROLL, JJ.

*Equity Pleading and Practice,* Master's report.

In a suit in equity that was referred to a master, where the evidence is not reported, the findings of the master must stand if the facts set out in the record are sufficient to justify directly or by implication all the conclusions reached by him.

BILL IN EQUITY, filed in the Superior Court in its substituted form on October 18, 1915, to set aside a deed to the defendant Alta N. J. Fisher dated September 23, 1914, for the reasons set forth in the allegations of the bill, as described in the opinion.

The case was referred to a master, who filed a report in which he found, among other things, that the deed to the defendant Alta N. J. Fisher, sought to be set aside, was not obtained through fraud or deceit and was a valid instrument.

The case was heard by *Jenney,* J., upon the plaintiffs' exceptions to the master's report.   He made an interlocutory decree that the exceptions to the report be overruled and that the report be confirmed.   Later by order of the judge a final decree was entered, containing orders relating to the various parties in accordance with the findings of the master's report.   The plaintiffs appealed.

*J. S. Richardson & J. E. Galvin,* for the plaintiffs.

*H. Loewenberg,* (*G. L. Harden* with him,) for the defendants Alta N. J. and Charles B. Fisher.

*C. C. Barton, Jr.,* for the defendant Exchange Trust Company.

*G. A. Saltmarsh,* defendant, *pro se.*

*F. N. Nay,* for the defendant William W. Babcock, submitted a brief.

RUGG, C. J.   The allegations of this bill summarily stated are that the first named plaintiff, hereafter called the plaintiff, was the owner of a parcel of land in Revere; that she gave to the defendant Babcock a mortgage for $18,000, to be used in the construction of a building; that several other loan transactions

were had; that finally upon a search at the registry of deeds it was found that an instrument purporting to be a deed of the land from the plaintiff to the defendant Alta N. J. Fisher was recorded, together with a mortgage thereof from said Fisher to the Exchange Trust Company, and a second mortgage to one Bond; that this deed and these mortgages were without the knowledge and consent of the plaintiff and that the deed to said Fisher was signed by the plaintiff in blank and fraudulently filled in as a deed to Fisher; that Babcock had rendered no account and had discharged his mortgage. The prayers are that the deed to Fisher and the two mortgages be declared null and void, and for an accounting and other relief.

All the defendants appeared and answered. The case was sent to a master, who filed a long report setting forth in detail the numerous transactions of the various parties respecting the parcel of land and the block erected thereon. His findings upon all decisive issues are categorically contrary to averments in the bill of complaint. He finds upon the crucial point respecting the deed from the plaintiff to Alta N. J. Fisher in substance that it was intelligently executed and is a valid instrument, and that no one of the allegations as to fraud, the instrument being a blank without seals when signed, and folded so as to conceal its true purport and incompleteness and want of acknowledgment by the grantors, was established and proved. On the contrary he finds that the deed was executed because large sums of money had been advanced by Fisher toward the construction of the block, for a considerable part of which she has received no payment or security whatever, except the deed. He finds also that at the time it was executed there was an understanding by the parties for a reconveyance by Fisher upon certain conditions.

A large number of objections and exceptions were filed to the master's report by the plaintiffs. These chiefly relate to findings of fact and to arguments upon evidence. But, as the evidence was not reported, no question of fact is presented to this court and the findings of the master must stand.

The finding that the deed from the plaintiff to Mrs. Fisher "was not obtained through fraud or deceit and is a valid instrument," imports that it was duly executed and delivered in such form and under such circumstances as would pass a valid title.

This disposes of all contentions of the plaintiffs that it was incomplete, was signed by mistake or misrepresentation, was without seals, and was not delivered by the authority of the plaintiff with a purpose to transfer the title. The facts which are set out in the record are sufficient to justify by implication all the conclusions reached. *Haskell* v. *Merrill,* 179 Mass. 120, 123. There is nothing in the contention that the Exchange Trust Company is not entitled to the rights apparently secured to it by its mortgage.

It seems pretty plain from the record that the defendant Fisher has advanced large sums of money in good faith for the benefit of the plaintiff, for which she has no security or return whatsoever, except the deed to her here assailed. There is no question of law disclosed on the record which requires further discussion.

*Decree affirmed with costs.*