ABRAHAM SIGEL *vs.* ANNIE SIGEL & another.

Suffolk.    March 18, 1921. — May 28, 1921.

Present: RUGG, C. J., BRALEY, PIERCE, CARROLL, & JENNEY, JJ.

*Trust,* Resulting. *Husband and Wife. Evidence,* Presumptions and burden of proof. *Equity Pleading and Practice,* Appeal, Findings by judge.

In order to establish in favor of a husband a resulting trust in real estate, the legal title to which was taken in the name of his wife although he paid the entire consideration therefor, it must be shown that it was intended that she should have no beneficial interest in the estate by way of gift, settlement or advancement.

The presumption that a trust results to the party paying the purchase price for real estate, the legal title to which he causes to be taken in the name of another, does not arise when the payment may be supposed to be a gift to the person taking the title, as when the money is paid by a husband and the conveyance is to his wife.

At the hearing of a suit in equity to establish a resulting trust for the plaintiff's benefit in real estate for which he alleged that he had paid the entire consideration, and had caused the legal title to be placed in the name of his wife, the defendant, the only testimony tending to establish the trust came from the husband. By order of the judge a decree was entered dismissing the bill, and the plaintiff appealed, the entire evidence being reported. *Held,* that the judge must have found that the resulting trust was not established, and it could not be said that the finding was clearly wrong.

BILL IN EQUITY, filed in the Superior Court on September 27, 1920, to establish a resulting trust in real estate standing in the name of the defendant, Annie Sigel, the wife of the plaintiff.

In the Superior Court the suit was heard by *Sisk*, J., a commissioner having been appointed under Equity Rule 35 to take the evidence. Material evidence is described in the opinion. A decree was entered dismissing the bill without costs; and the plaintiff appealed.

*M. M. Horblit*, (*C. Epstein* with him,) for the plaintiff.

*R. W. Frost*, for the defendant Annie Sigel, was not called upon.

CARROLL, J. The plaintiff and the defendant are husband and wife. The plaintiff sought to establish a resulting trust in certain real estate, the legal title being in the name of his wife, he having paid the consideration for the conveyance. At the conclusion of the plaintiff's evidence, the judge ordered that the bill be dismissed and a final decree was entered dismissing the bill. The plaintiff appealed. The evidence is reported.

When the entire consideration for a conveyance is paid by the husband and the legal title is taken in the name of the wife, it must be shown, to make out a resulting trust in his favor, that it was intended that she should have no beneficial interest in the estate by way of gift, settlement or advancement. *Edgerly* v. *Edgerly*, 112 Mass. 175. *Pollock* v. *Pollock*, 223 Mass. 382, 384. The presumption, that a trust results to the party paying the purchase money when the title is taken in the name of another, does not arise when the payment may be supposed to be a gift to the nominal purchaser, as when the money is paid by the husband and the conveyance is to the wife. *Perkins* v. *Nichols*, 11 Allen, 542, 545. The judge who heard the evidence has found against the plaintiff. He must have been satisfied that a resulting trust was not established; and the presumption that the deed was intended as a provision for the wife was not overcome. Under the well settled rule in equity, these findings of the judge are to be sustained unless we are convinced upon an examination of the evidence that he was plainly wrong. *Brown* v. *Hallgreen*, 237 Mass. 293, and cases cited. The only evidence tending to show that there was a resulting trust, came from the plaintiff. Even if his evidence were sufficient for the purpose, the judge may not have believed him.

The decree dismissing the plaintiff's bill must be affirmed with costs.

*So ordered.*