MAX BROWDY *vs.* ROSA BROWDY & others.

Hampden.    November 19, 1924. — January 9, 1925.

Present: RUGG, C.J., BRALEY, PIERCE, CARROLL, & WAIT, JJ.

*Trust,* Resulting.    *Husband and Wife.*

A husband who, with his wife, furnished money for the purchase of real estate, title to which was taken in the name of a third person, cannot alone maintain a bill in equity against the third person to establish a resulting trust in the land for his benefit where it does not appear that he paid for a specific and a distinct interest in the land.

BILL IN EQUITY, filed in the Superior Court on June 16, 1922, and afterwards amended, seeking to charge certain real estate with a resulting trust in favor of the plaintiff.

In the Superior Court, the suit was referred to a master. Material findings by the master are described in the opinion. By order of *Burns,* J., there were entered an interlocutory decree confirming the master's report and a final decree dismissing the bill.   The plaintiff appealed.

The case was submitted on briefs.

*A. A. Simpson, C. R. Clason & G. J. Callahan,* for the plaintiff.

*W. G. Brownson,* for the defendants.

CARROLL, J. The plaintiff is the husband of the defendant, Rosa Browdy. The defendants Fannie and Lillian are their children. In 1910 the plaintiff and his wife purchased a tract of real estate and caused the title to the same to be placed in the name of Fannie and Lillian Browdy. In 1912, at the request of the plaintiff and his wife, Lillian, without receiving any consideration therefor, conveyed her interest to Fannie Browdy. Neither Fannie nor Lillian furnished any part of the consideration for the conveyance, all of the consideration being supplied by the plaintiff and the defendant Rosa. Taxes, insurance and expenses for repairs since the time of the original purchase have been paid by them. It was found that, at the time of the purchase of the real estate, it was not intended that a gift should be made to Fannie and Lillian; that it was purchased by Max and Rosa for a home. There was no evidence introduced to show what proportion each contributed. The plaintiff contends that a trust resulted to himself and Rosa, or that a trust resulted to himself of a one half interest in the real estate. The suit in equity is brought by the husband as the sole plaintiff. The question does not arise whether Max and Rosa Browdy, as joint plaintiffs, could claim a resulting trust in the land, it having been purchased with their funds and the title taken in the name of the daughters.

A resulting trust cannot be established for the benefit of the plaintiff alone. It is not known what part of the purchase price he contributed. It is not shown that he paid the entire consideration. It is well settled that a trust does not result to a person paying a part of the consideration, where the title is taken in the name of another, unless it appears that a specific and a distinct interest in the land was paid for. A general contribution of money to the purchase price is not sufficient. *McGowan* v. *McGowan*, 14 Gray, 119. *Snow* v. *Paine*, 114 Mass. 520, 526. *Bailey* v. *Hemenway*, 147 Mass. 326, 328. This principle is applicable when the contributions are made by a husband and wife. There is no presumption that they contributed equally. In *Pollock* v. *Pollock*, 223 Mass. 382, a suit in equity by the husband against the wife, to establish a resulting trust in his favor

in certain real estate, it was said at page 384: " To establish a resulting trust the husband must prove that he furnished himself the entire consideration or a specific and definite part thereof, for which it was intended he should receive a determinate and fixed fraction of the whole estate conveyed." See *Pickens* v. *Wood*, 57 W. Va. 480.

Decree for the defendant, dismissing the bill, affirmed with costs.

*So ordered.*