John J. O'Brien *vs.* Alice O'Brien & another.

Essex.    March 2, 1926. — June 3, 1926.

Present: Rugg, C.J., Crosby, Pierce, Carroll, & Wait, JJ.

*Trust,* Resulting.    *Husband and Wife.*

If a husband and wife, working together, carry on a business of keeping lodgers and boarders for their joint benefit and each contributes from "outside employment" to a common fund so used, which is owned by them jointly "for their mutual benefit," "belonging equally" to them,

and from which real estate is purchased and an investment made in a mortgage and a deposit in a savings bank, all in the wife's name, the wife cannot treat any of such property, real or personal, as hers exclusively, and if she refuses to recognize the husband's right therein, he is entitled, in a suit in equity brought by him against her, to a decree directing her to convey to him a one-half interest therein.

BILL IN EQUITY, filed in Superior Court on July 28, 1922, seeking to require the defendant to account for certain real estate and personal property acquired and accumulated through the joint efforts of the parties but standing in the name of the defendant.

In the Superior Court, the suit was referred to a master. Findings by the master are stated in the opinion. Exceptions by the defendant to the master's report were heard by *Quinn*, J., by whose order there was entered a final decree, adjudging that the plaintiff was the owner of one undivided one half of several described parcels of land and of a mortgage, all of which stood in the defendant's name, and of a sum of money which had stood in the defendant's name in a savings bank but which she had withdrawn, and directing that the defendant convey such one undivided one-half interest in the real estate and mortgage to the plaintiff and pay to him one half of the sum of money. The defendant appealed.

*R. L. Sisk*, for the defendant.

*R. W. Reeve & A. B. Tolman*, for the plaintiff, submitted a brief.

CARROLL, J. The plaintiff and defendant are husband and wife. The husband seeks in his suit in equity, an accounting of property standing in the wife's name, that she be ordered to convey "to . . . the plaintiff such property as may belong to" him.

The master found that the plaintiff and the defendant "turned their earnings into a common fund"; that they "kept boarders and lodgers," and in the conduct of this business both parties actually worked; "that this business was conducted jointly by them for their joint benefit." It could not be determined what profits were derived from the

business, nor the amount each contributed to the common fund from their "outside employment." The master also found that this fund was treated as a common fund and was owned jointly by them "for their mutual benefit"; that all of the property involved in the controversy was purchased from "this common fund which belonged equally to plaintiff and defendant." It was also found that the real estate and mortgage were purchased from money "taken out of common funds belonging equally to plaintiff and defendant"; that the bank deposit was made from this common fund belonging to plaintiff and defendant; "that the title thereto taken by defendant was taken by her to hold as common property for herself and the plaintiff and not for herself alone; and that she now holds such title in trust for herself and the plaintiff in equal shares." In the Superior Court a decree was entered for the plaintiff, from which the defendant appealed.

A resulting trust may be established between husband and wife; and property standing in the name of the wife may be recovered by the husband if he proves that he furnished the entire consideration, or a specific part thereof, and that it was not intended that the wife should hold the property by way of gift, settlement or advancement. *Pollock* v. *Pollock*, 223 Mass. 382. *Daniels* v. *Daniels*, 240 Mass. 380. *Browdy* v. *Browdy*, 250 Mass. 515.

The evidence is not reported. The findings of the master, therefore, must stand, unless shown by the report to be erroneous. *Daniels* v. *Daniels, supra.* *Jenanyan* v. *Fisher*, 229 Mass. 472.

The master has found that the property was purchased by the defendant with money which belonged equally to her and the plaintiff, that the title was taken in her name, but in trust for herself and husband in equal shares. These findings show that there was no gift or advancement to the wife, and there was no settlement. The consideration for the purchase was contributed in equal shares by the plaintiff and defendant. A specific and definite part was paid by the plaintiff, and he is entitled to an undivided half of the land and mortgage, and half of the money deposited in the savings bank, as set out in the decree of the Superior Court.

*Woodard* v. *Woodard,* 216 Mass. 1.    *Carpenter* v. *Carpenter,* 227 Mass. 288.

There is nothing to show that the findings of the master were unwarranted.    As the fund from which the money was drawn was owned in equal shares by the husband and wife, he had a definite and specific interest in it and in the property purchased by it.    *Browdy* v. *Browdy, supra.    Pollock* v. *Pollock, supra.    Daniels* v. *Daniels, supra.*

The cases relied on by the defendant, where it did not appear that a definite and specific interest in the land was paid for by the plaintiff, are not applicable.

*Decree affirmed.*