WILLIAM F. THAYER & others *vs.* HARRY N. ATWOOD
& others.

Suffolk.     January 12, 1927. — May 20, 1927.

Present: RUGG, C.J., CROSBY, PIERCE, WAIT, & SANDERSON, JJ.

*Equity Pleading and Practice,* Findings by judge, Appeal, Amendment in
Supreme Judicial Court.

Although, upon appeal from a final decree in a suit in equity which had
been heard by a judge with the evidence taken under the provisions of
G. L. c. 214, § 24, Equity Rule 35 (1905), the entire case is brought
before this court, which reviews findings of fact as well as rulings of law,
this court will not overturn findings of fact unless they are clearly
wrong.

While, upon such an appeal, this court can permit amendment and enter
a decree appropriate to the case presented by the material facts which
it finds to have been made out as true, such a course will not be followed
where additional facts which are found upon the evidence, and such
rights as flow from them, are inconsistent with the frame of the original
bill and contradict its allegations.

A plaintiff in a suit in equity alleged that a certain instrument of assign-
ment was delivered to him by the defendant fraudulently with an
intention to induce him to sleep upon his rights against the defendant
which were the main basis of the bill. The judge who heard the suit
found that no such rights as the plaintiff averred as the basis of his
suit existed and that the instrument of assignment referred to by the
plaintiff was delivered by the defendant without fraud. In this court
the plaintiff contended that he should be allowed to amend so that a
decree might be entered establishing substantial interests based upon
the assignment as a valid instrument. So far as the record showed, it
was probable from the nature of the evidence that other and further
facts existed which had not been asserted or established because they
had no bearing upon the issues presented by the bill and which might
make the proposed amendment improper and unjust. *Held,* that the
amendment should not be allowed.

BILL IN EQUITY, filed in the Superior Court on November
10, 1925, and afterwards amended, by William F. Thayer,
who alleged that he brought the suit in his own right and as
assignee of the rights of others likewise interested in a certain
agreement made December 30, 1924, and by William P. Jor-
dan, against Harry N. Atwood; Harry E. Kendall, trustee for
Atwood of his share in Rubwood, Inc., a corporation; trustees

under a voting trust agreement as to voting stock of Rubwood, Inc.; that corporation; and certain persons alleged to be prospective purchasers of Rubwood, Inc., and having notice of the plaintiffs' rights; to compel specific performance by Atwood of an alleged agreement made December 30, 1924, with the plaintiffs Thayer and Jordan that if they would obtain subscriptions to a new issue of the common stock of Rubwood Wheel, Inc., of the par value of $50 per share, he would deliver to each of them, either for their own benefit, or, if they so desired, to be delivered by them to such individuals as they might obtain subscriptions from, out of his own holdings, of the common stock of Rubwood, Inc., (whose common stock was closely held by Atwood and his associates and was not obtainable in the market,) one half as many shares as they should thereafter sell or purchase themselves, or had theretofore sold or purchased themselves, of shares of the common stock of said Rubwood Wheel, Inc.; and also to compel specific performance by Atwood of an agreement made by him on May 19, 1925, that he would "deposit all his interest in the common stock of the defendant Rubwood, Inc., with voting trustees under a voting trust agreement"; and for coördinating relief.

The allegations with respect to the alleged fraudulent instrument referred to in the opinion were in substance that, the plaintiffs having been induced by Atwood to subscribe to stock of Rubwood Wheel, Inc., on the basis of certain representations and the agreement of December 30, 1924, Atwood, on February 5, 1925, for the purpose of lulling the plaintiffs and inducing them "to slumber on their rights until the delays occasioned thereby should enable the defendant Harry N. Atwood to carry out the scheme and plan for his own enrichment," gave to each of them an instrument reading, *mutatis mutandi*, as follows:

"You have subscribed for five hundred shares of Rubwood Wheel, Inc. common stock in accordance with subscription agreement dated December 30, 1924.

"In consideration of your subscription already made and also in appreciation of the service which it rendered to the said company and to me I hereby assign to you all

right, title and interest to any and all proceeds and benefits of any nature whatsoever, which shall be derived from dividends accruing from 250 shares of Rubwood Inc. Common Stock now in possession of Harry E. Kendall, Trustee, and which constitute a part of the majority common stock of said Rubwood Inc., also in possession of Harry E. Kendall, Trustee. I enclose herewith formal notice to said Harry E. Kendall, Trustee, instructing him to honor this assignment and to change his records accordingly.

"It should be distinctly understood that while I hereby assign to you all right, title and interest in the proceeds of the dividends from said stock, this does not permit you to withdraw the said stock from the trusteeship of said Harry E. Kendall nor does it entitle you to vote the stock. It merely assigns to you now and forever all proceeds derived from the said stock.

"Please consider this letter a definite agreement and consumation of assignment. However, if you desire I should be glad to issue you a formal assignment made out by you which covers the above transaction, and furthermore, would even be glad to arrange for the deposit of all of the majority stock now in Mr. Kendall's possession into any trust that may be mutually agreed upon by Mr. William P. Jordan, Mr. W. F. Thayer, Mr. F. K. Broadhurst and myself";

that the plaintiffs understood such assignment "to be merely a temporary method of protecting their rights to the conveyance of common stock in defendant Rubwood, Inc.; and said assignments did not purport to nor did they in fact represent the full number of shares of common stock of defendant Rubwood, Inc., to which the plaintiffs were entitled"; that the plaintiffs advised Atwood that they were unwilling to accept such assignment in lieu of the common stock of Rubwood, Inc., to which they were entitled, and therefore on May 19, 1925, he agreed to deposit all his interest in the common stock of Rubwood, Inc., under a voting trust agreement; and that later he refused to do so.

The suit was heard by *Cox*, J., a stenographer having been

appointed under G. L. c. 214, § 24, Equity Rule 35 (1905), to take the evidence. Material facts found by the judge are stated in the opinion. By his order, a final decree was entered dismissing the bill. The plaintiffs appealed.

*J. A. Locke,* for the plaintiff Thayer.

*J. E. Kerrigan,* (*H. J. Burdick* with him,) for the defendants Harry N. Atwood and others.

*H. W. Ogden & A. L. Shipman,* of Connecticut, for Wilbur C. Walker and others, submitted a brief.

WAIT, J. This is an appeal from a decree of the Superior Court dismissing a bill in equity which sought specific performance of an alleged agreement to convey stock in Rubwood, Inc., a Massachusetts corporation; specific performance of an alleged promise to execute a trust agreement in relation to interest in the corporation, and injunctions incidental to the remedy and relief desired. The bill alleged that the plaintiffs bought stock relying upon false representations. The judge found that no fraud was practised upon the plaintiffs. The bill alleged that the defendant, Atwood, agreed to execute an instrument of trust described and set out in the bill. The judge found that the defendant did not so agree. The bill alleged that Atwood delivered an invalid instrument as a means of fraud. The judge found that he delivered the instrument, that he did not deliver it as a means of fraud, and declined to pass upon the effect of the instrument because immaterial in this proceeding.

These allegations were the basis upon which the remedy was sought. Nothing was left of the equities asserted when they were found to be unsupported in fact. No relief based upon the validity of the alleged fraudulent instrument was consistent with the frame of the bill. The plaintiff, Jordan, does not appear or argue in support of the appeal.

The plaintiff Thayer contends that the evidence does not warrant the findings, and that the hearings demonstrate that he has rights which the decree disregards. In substance he asks this court, on appeal, to set aside the decree because the findings made are erroneous; or, if it does not accede to this contention, then to permit amendments consistent with the truth as we find it to be and to grant such relief as is appro-

priate to the facts so found. Whether there were false representations and fraudulent conduct — and, if so, what — and whether the defendant Atwood made the agreements alleged, are questions of fact. The decision of the judge who saw and heard the witnesses is, ordinarily, conclusive on such matters. Although upon an appeal in equity the entire case is brought before us and the court reviews findings of fact as well as rulings of law, *Old Corner Book Store* v. *Upham,* 194 Mass. 101, it is established that this court will not overturn findings of fact unless they are clearly wrong. *Weinstein* v. *Miller,* 249 Mass. 516.

It is not necessary to discuss in detail the evidence here presented which has been thoroughly argued in the plaintiffs' brief. It is sufficient to say that we discover no reason to overturn the findings of fact. Nor do we see solid grounds for yielding to his second contention. Without doubt this court can permit amendment and enter a decree appropriate to the case presented by the material facts which it finds to have been made out as true. *Ciarlo* v. *Ciarlo,* 244 Mass. 453. Nevertheless, this will not be done where the newly discovered facts and such rights as flow from them are inconsistent with the frame of the original bill and contradict its allegations. *Shields* v. *Barrow,* 17 How. 130, 144.

Great injustice might be wrought to defendants if, when called to defend against specific allegations, they were compelled to meet whatever might be made out from such state of facts as appears when only enough of defence has been presented to defeat the bill which they have answered.

In the case before us, the plaintiffs in their bill have alleged, in substance, that a particular document was an instrument of fraud and of no binding force; yet, having failed to prove their allegations, they now contend that they should be allowed to amend so that a decree may enter establishing substantial interests based upon the document as a valid instrument, where, so far as appears and as is probable from the evidence, other and further truths exist which would make such a decree improper and unjust — truths which have not been asserted or established because they have no bearing upon the issues presented by the bill. The judge

has found that the document does not constitute a final arrangement. It has not been set up as a conclusive adjustment of rights. The findings show that others not made parties are interested if rights under the instrument are to be determined.

The plaintiffs are stockholders in Rubwood Wheel, Inc. They have not the rights which they sought to vindicate by this bill. The defendants are entitled to have so much settled by a final decree. They have met the issues which this bill presented.

*The decree is affirmed with costs.*