TIMOTHY E. POWELL *vs.* MARY A. POWELL.

Middlesex.    March 18, 1927. — July 1, 1927.

Present: RUGG, C.J., PIERCE, CARROLL, WAIT, & SANDERSON, JJ.

*Husband and Wife. Equity Jurisdiction,* To relieve from fraud, To
establish trust for husband in property in wife's name. *Evidence,*
Presumptions and burden of proof, Competency, Of intent.

At the hearing of a suit in equity by a husband against his wife to require
conveyance to him by her of one undivided one-half interest in real
estate, title to which the plaintiff alleged the defendant obtained by
fraud, although it was understood that the title should be taken in the
name of both plaintiff and defendant as tenants in common, it appeared
that a consideration of $7,000 was paid, $2,000 from a savings bank
account which the plaintiff had established in the defendant's name
with a view to making provision for her and himself, $3,500 by a note
secured by a mortgage on the real estate, $900 by cash furnished by the
plaintiff, and $600 furnished by the defendant *from her own money;*
that it was understood and agreed that the title should be put in the
name of both as tenants in common; that at the request of the defend-
ant, and without the consent or knowledge of the plaintiff, title was
taken in her name alone; that the plaintiff did not learn of that fact
until the deed was returned from the registry of deeds, one month after
the transfer, when he objected and disputes and disagreements resulted;
. that rent received from a part of the house was received by the defend-
ant and receipts were written by the plaintiff and signed by him in the
defendant's name; that this was done by him to please his wife and not
as an acknowledgment of her exclusive title. *Held,* that

(1) While there is a rebuttable presumption that money or other
property delivered by a husband to his wife is intended as a gift, ad-
vancement, or settlement for her benefit, on the facts found as to the
purpose for which the money was delivered to the defendant and as to
the agreement and understanding of the parties that the land was to
be conveyed to them as tenants in common, the presumption was re-
butted;

(2) In the circumstances, it was proper to grant equitable relief in
order to prevent the injustice which would result if the plaintiff were
without remedy after the defendant had made such an unauthorized
use of his property for her own enrichment;

(3) It was proper to impose a trust for the plaintiff's benefit upon the
one-half interest in the real estate which his money was to buy, and a
right to an accounting for one half of the net profits followed as an
incident to the plaintiff's right to one half of the real estate.

A witness may testify to his own intention when that intention is a mate-
rial fact to be proved.

At the hearing above described, it was proper to permit the plaintiff to testify that he never intended to make a gift to his wife of the whole consideration, or of the whole title to the real estate.

BILL IN EQUITY, filed in the Superior Court on August 20, 1910, and described in the opinion.

The suit was heard by *Dubuque,* J., a stenographer having been appointed under G. L. c. 214, § 24, Equity Rule 35 (1905), to take the evidence. It appeared that a decree absolute of divorce of the parties was entered in 1914. Upon facts found by the judge and described in the opinion, an interlocutory decree was entered by order of *Brown,* J., adjudging that the defendant held one undivided one half interest in the real estate in question in trust for the plaintiff and that she should account to him for rents on that basis; and referring the suit to a master for an accounting.

Upon the filing of the master's report, there were entered by order of *Cox,* J., an interlocutory decree confirming the report and a final decree directing the conveyance of one undivided one half interest in the real estate to the plaintiff and the payment to him of $1,614.83 and costs. The defendant appealed.

*G. F. McKelleget,* for the defendant.

*G. M. Poland,* (*F. H. Davis* with him,) for the plaintiff.

SANDERSON, J. The plaintiff seeks by this bill to have the defendant ordered to convey to him certain real estate in Malden, alleging that he furnished the consideration for its purchase not intending that the property should be a provision for her and that she procured title to be vested in herself by fraud and without the consent or knowledge of the plaintiff. A divorce has been granted to the defendant, who was the plaintiff's wife when suit was begun.

The case was heard by a judge of the Superior Court who found, among other things, upon evidence which is reported, that, with a view to making provision for his wife and himself, the plaintiff transferred to her sums amounting to $2,000, which were put in savings banks in her name; that thereafter they both agreed to buy a house and lot for $7,000, the agreement and understanding between them being that the title should be in both the plaintiff and the

defendant as tenants in common, to provide a home for themselves. The property was bought subject to an existing mortgage for $3,500, which formed part of the purchase price; the balance was paid in cash. The plaintiff was not present when the conveyance was made. In making the cash payment, the defendant used $600 of her own money, the $2,000 above referred to, and $900 which the plaintiff gave to her a day or two before the conveyance was made, with the direction and understanding that the property was to be put in the names of both. The plaintiff paid $10 to the lawyer who acted in the matter for himself and wife, and made a payment of $25 to bind the bargain. At the request of the defendant and without the consent or knowledge of the plaintiff, title was taken in her name alone. The certificate of title was received from the registry of deeds about a month after the transaction was completed, at which time the plaintiff first learned that title had been so taken. He then objected because the title was not in the names of both, and disputes and disagreements arose between them. After the purchase a part of the house was rented and rent receipts were written by the plaintiff and signed in his wife's name. The trial judge found that this was done by him to please his wife and not as an acknowledgment of her exclusive title. He ruled and found that the defendant holds in trust for the plaintiff one undivided half interest in the land and house, that he is entitled to one half the net income of the property since it was bought, and that the defendant owns the other undivided half interest, both interests being subject to the mortgage of $3,500.

Thereafter an accounting was had before a master who found that one half the net rents from September 12, 1908, the date of the purchase, to January 1, 1926, amounted to $1,614.83, and a final decree was entered adjudging that the defendant held in trust for the plaintiff the title to one undivided half interest in the real estate subject to the mortgage of $3,500, and ordering her to execute a deed to the plaintiff conveying that interest and also to pay the plaintiff the amount found by the master to be due, with costs. From this decree the defendant appealed.

There is a rebuttable presumption that money or other property delivered by a husband to his wife is intended as a gift, advancement, or settlement for her benefit. *Jacobs* v. *Hesler*, 113 Mass. 157, 161. *Pollock* v. *Pollock*, 223 Mass. 382. *Sigel* v. *Sigel*, 238 Mass. 587. *Liberty Trust Co.* v. *Hayes*, 244 Mass. 251.

The findings of the trial judge as to the purpose for which the money was delivered to the defendant and as to the agreement and understanding of the parties that the land was to be conveyed to them as tenants in common were made upon conflicting evidence and we cannot say that they were clearly wrong. *Sigel* v. *Sigel, supra. O'Brien* v. *O'Brien*, 256 Mass. 308. *Thayer* v. *Atwood*, 259 Mass. 527. The agreement that the plaintiff should have a one-half interest in the real estate rebuts any inference of a gift to her of that half. The significance of the evidence as to the rent receipts was for the trial judge to consider with the other evidence in the case.

Both parties had negotiated for the purchase of the property, and the plaintiff consented to the use of the $2,000 previously placed in the hands of his wife and the $900 advanced shortly before the conveyance, upon the basis of the agreement and understanding above stated. It is evident from the testimony of the defendant that from the time the agreement for purchase was made she intended to take the whole title in her own name. Her contention that this was done with her husband's knowledge and consent and with her own money was discredited by the trial judge. Under the circumstances disclosed, equitable relief is granted to prevent the injustice which would result if the plaintiff were without remedy after the defendant had made such an unauthorized use of his property for her own enrichment. *Frankel* v. *Frankel*, 173 Mass. 214, 216. See *Atkins* v. *Atkins*, 195 Mass. 124; *Woodard* v. *Woodard*, 216 Mass. 1, 3; *Ciarlo* v. *Ciarlo*, 244 Mass. 453, 456; *Young* v. *Young*, 251 Mass. 218, 221, 222.

The appropriate relief, upon the facts found, is to impose a trust upon the one-half interest in the real estate which the plaintiff's money was to buy. *O'Brien* v. *O'Brien, supra.*

*Jones* v. *Jones*, 281 Ill. 595, 598.    The right to an accounting for one half of the net profits follows as an incident of the plaintiff's right to one half of the real estate.

Subject to the defendant's exception, the plaintiff was permitted to testify that his intention was that title should be taken in both names; that he never intended to make a gift to his wife of the whole consideration, nor of the whole title to the real estate.    Before this testimony was offered evidence had been introduced tending to prove that the statement had been made in the defendant's presence and in the hearing of a third person that the title was to be placed in the names of both.    In cross-examination, the witness testified to the same effect as to his intention, and in redirect, without objection, testified that, in talks with his wife and the seller of the property about putting title in both names, she did not at any time object to that being done. He also testified in cross-examination that the payment of $900 was not a gift.    A witness may testify to his own intention when that intention is a material fact to be proved. *Thacher* v. *Phinney*, 7 Allen, 146, 149.    *Snow* v. *Paine*, 114 Mass. 520, 522, 526.    *Stevens* v. *Stevens*, 150 Mass. 557. *Butler* v. *Butler*, 225 Mass. 22, 26.    *Fox* v. *Shanley*, 94 Conn. 350, 362.    Intention to make a gift is essential to its validity.    *Scott* v. *Berkshire County Savings Bank*, 140 Mass. 157, 165.    *Cooley* v. *Cooley*, 172 Mass. 476, 478.    There is nothing in *English* v. *English*, 229 Mass. 11, inconsistent with the decision that this evidence was admissible.

*Decree affirmed with costs.*