Louis F. Thompson, administrator, *vs.* Mary E. Thompson
& another.

Hampden.    September 17, 1942. — October 27, 1942.

Present: Field, C.J., Qua, Dolan, Cox, & Ronan, JJ.

*Gift. Husband and Wife. Bank and Banking. Personal Property,*
Ownership. *Probate Court,* Report of material facts, Findings by
judge, Appeal.

On an appeal with a report of material facts by a judge of probate under
G. L. (Ter. Ed.) c. 215, § 11, and no report of the evidence, the facts
stated must be taken as true if not mutually inconsistent nor plainly
wrong on the face of the report; and the question before this court
is whether the decree was proper on the pleadings and such facts
only, without the implication of further findings from the entry of
the decree.

A statement of testimony which would have been given at a Probate
Court hearing if the witness had been called was not properly part
of the record and could not be considered by this court on an appeal
without a report of the evidence.

Upon findings by a judge that an "account was opened" in a coöpera-
tive bank in a wife's name but that her husband made all the monthly
payments on the shares, both before and after her death, until the
maturity thereof, when a certificate was issued to him, and a state-
ment by the judge that he was not convinced that the husband had
intended to open the "account" in her name and that there was no
evidence that he had made a gift of it to her, a finding was not required
that the "account" was hers.

Petition, filed in the Probate Court for the county of
Hampden on July 31, 1940.

The case was heard by *Stapleton,* J., and in this court was
submitted on briefs.

*H. Ritter,* for the petitioner.

*J. D. Kaps,* for the respondent Thompson; *J. P. Kirby
& E. S. Searle,* for the respondent Chicopee Coöperative
Bank.

Ronan, J. This is a petition by the administrator of the
estate of Charlotte W. Thompson, the wife of Fred H.
Thompson, against Mary E. Thompson and the Chicopee
Coöperative Bank to establish the petitioner's ownership

in a certificate of ten shares of the said bank which stands in the name of Fred H. Thompson or Mary E. Thompson. The petitioner appealed from a decree dismissing the petition.

It appears from a report of the material facts made by the judge of the Probate Court under G. L. (Ter. Ed.) c. 215, § 11, that "an account was opened" at the bank on August 6, 1912, in the name of Mrs. Fred H. Thompson; that monthly payments were made regularly up to the death of Mrs. Thompson on September 14, 1922, and thereafter until the shares matured in October, 1924, when a certificate was issued to Fred H. Thompson, who, on May 7, 1940, assigned the certificate by an indorsement thereon to Fred H. Thompson or Mary E. Thompson. The latter was his unmarried daughter, who lived with him and did all the housework for many years, much of which was done without pay up to the time the certificate was assigned to her. All of the money that "went into this account" was earned by Thompson, and there was no evidence that any person other than he ever made any of these monthly payments. At the time of the death of Mrs. Thompson there were several bank accounts in the joint names of Thompson and his wife. In all of them the latter was described as Charlotte or Lottie Thompson. Thompson died on May 17, 1940. The judge stated that he was not convinced upon all the evidence that Thompson intended "to open the account" in his wife's name and that there was no evidence that he made a gift of the "account" to her. He found that the petitioner had failed to establish that his intestate was the owner of the "account."

The evidence is not reported. The facts stated by the judge in the report of the material facts must be deemed to be all the facts that he had in mind in entering the final decree. No findings other than those reported can be implied from the entry of the decree. These findings of fact must be accepted as true unless they appear from the report itself to be mutually inconsistent or plainly wrong and, if not, then the only question presented is whether the decree entered was supported by the material facts

reported. *Bottoms* v. *Carlz*, 310 Mass. 29. *Quigley* v. *Quigley*, 310 Mass. 415. *Wiley* v. *Fuller*, 310 Mass. 597.

The case must be decided solely upon the reported findings. If the petitioner desired to attack the findings as not supported by the evidence, he could have secured a report of the evidence and could have had his contentions determined by an examination of the testimony. The exhibit containing the statement of the testimony which an absent witness would have given if called as a witness ought not to have been made a part of the record and cannot be considered since the evidence is not reported. *Romanausky* v. *Skutulas*, 258 Mass. 190. *Gallagher* v. *Phinney*, 284 Mass. 255.

Where there is a dispute as to the ownership of an account that consists entirely of money furnished by a husband, the fact that the account stands in the name of the wife alone does not settle the matter, for it is competent to show that the husband did not intend that the account should have been opened in her name and that he never intended to make a gift of it to her. *Castle* v. *Wightman*, 303 Mass. 74. *Gowell* v. *Twitchell*, 306 Mass. 482, 486. *MacLennan* v. *MacLennan*, 311 Mass. 709. *Colby* v. *Callahan*, 311 Mass. 727. While there is a presumption that a husband who pays the entire consideration for a transfer of property in the name of his wife intends that the property shall be hers by way of gift, settlement or advancement, *Sigel* v. *Sigel*, 238 Mass. 587; *Moat* v. *Moat*, 301 Mass. 469; *Berry* v. *Kyes*, 304 Mass. 56, yet he can establish a resulting trust in the property by proving that it was not intended that she should take any beneficial interest in it. *Liberty Trust Co.* v. *Hayes*, 244 Mass. 251. *O'Brien* v. *O'Brien*, 256 Mass. 308. *Powell* v. *Powell*, 260 Mass. 505. *Druker* v. *Druker*, 268 Mass. 334. *Levy* v. *Levy*, 309 Mass. 486. The judge was not satisfied upon all the evidence that Thompson intended that the "account" should be opened in the name of the wife. We do not know how strong or convincing the evidence was, and, notwithstanding the contention of the petitioner, there is nothing in the reported findings that required a finding that he intended to make a gift or that the petitioner had

sustained the burden of proof that the "account" or the certificate belonged to his intestate. *Sullivan* v. *Quinlivan*, 308 Mass. 339. *Goren* v. *Goren*, 310 Mass. 284.

*Decree affirmed.*