FRANK B. DOUCETTE vs. DIANNE P. DOUCETTE & another.

Suffolk. December 9, 1971. — February 11, 1972.

Present: TAURO, C.J., CUTTER, QUIRICO, BRAUCHER, & HENNESSEY, JJ.

*Personal Property*, Ownership. *Gift.* *Husband and Wife*, Property.

In a suit brought by a husband against his former wife to determine
   ownership of certain bank accounts and shares of stock, it was held
   that a decree that the husband was the sole owner of one bank
   account, a half owner of another and the sole owner of the shares
   of stock was supported by the warranted findings of the judge;
   whether the husband intended a gift was a question of fact; it was
   also a question of fact whether the rebuttable presumption of a
   gift arising from the delivery of property by the husband to the
   wife was rebutted. [157]
General Laws c. 170, § 15, governs only the rights between a bank and
   its depositors, and has no application to the rights of two depositors
   in a dispute between themselves concerning ownership of a joint
   bank account. [157–158]

BILL IN EQUITY filed in the Superior Court on May 21, 1969.

The suit was heard by *Campbell*, J.

*Howard J. Alperin* for the defendant Dianne P. Doucette.

*Bernard R. Silva, Jr.*, for the plaintiff.

TAURO, C.J. The defendant Dianne P. Doucette appeals from a final decree in equity fixing the ownership rights in certain property between herself and the plaintiff, her former husband Frank B. Doucette. The Superior Court in its final decree ordered the defendant Dianne to pay the plaintiff the sum of $3,296.51 as his share in two bank accounts, jointly held, from which Dianne had withdrawn all funds. The defendant was also ordered to transfer certain shares of stock and the dividends therefrom to the plaintiff. The court dismissed the defendant's counterclaim of an interest in certain real estate, shares of stock and insurance policies.

The judge below adopted his "Findings, Rulings and Order for Decree" as a report of material facts. The judge found that the plaintiff did not intend to make a gift to the defendant Dianne of any portion of the Enterprise Co-operative bank account in dispute, that each party was the owner of one-half of the Hyde Park Co-operative bank account,[1] and that the plaintiff did not intend to make a gift of part of the stock in dispute to Dianne. The judge also found that there was no intention to give or transfer the insurance policies to Dianne but, due to the inadequacy of the record, the court made no determination as to the policies. There was no error.

No useful purpose will be served in an elaborate recitation of the facts. The judge's detailed subsidiary findings amply support his ultimate findings and conclusions. "The determination of the interest . . . [the parties] had in the deposits in the joint accounts is dependent primarily on what their intention was, and this is a question of fact." *Buckley* v. *Buckley*, 301 Mass. 530, 531. *Nowicki* v. *Nowicki*, 335 Mass. 392. And in equity, "the findings of a judge made on oral testimony are not to be reversed unless they are plainly wrong." *Russell* v. *Meyers*, 316 Mass. 669, 672. *Boston* v. *Santosuosso*, 307 Mass. 302, 332.

While it is true there is a rebuttable presumption that money or other property delivered by a husband to his wife is intended as a gift, advancement, or settlement for her benefit (*Powell* v. *Powell*, 260 Mass. 505, 508; *Thompson* v. *Thompson*, 312 Mass. 245, 247), we cannot say that the judge, on the basis of conflicting oral evidence, was plainly wrong in finding that the plaintiff had rebutted the presumption in the present case. The defendant's reliance on G. L. c. 170, § 15, to support her contention that she was entitled to money withdrawn from the two bank accounts is misplaced. The statute governs only the rights between the bank and its depositors and not the

---

[1] The other defendant in this case was Hyde Park Co-operative Bank. The bank filed no brief on appeal.

rights between the parties. "It is settled that, while the contract of deposit is conclusive as between the parties and the bank . . . nevertheless . . . it is still open . . . to show by attendant facts and circumstances that the . . . [plaintiff] did not intend to make a present completed gift of a joint interest in the account, and that the mere form of the deposits does not settle the matter." *Ball* v. *Forbes*, 314 Mass. 200, 203–204. *Malone* v. *Walsh*, 315 Mass. 484, 486. *Drain* v. *Brookline Sav. Bank*, 327 Mass. 435, 440–441.

*Decree affirmed.*