FRANCIS J. FITZPATRICK, executor, vs. DONALD F. SMALL & others.[1]

No. 89-P-846.

Barnstable. October 17, 1990. - January 14, 1991.

Present: SMITH, FINE, & IRELAND, JJ.

*Individual Retirement Account. Retirement. Will*, Testamentary capacity. *Statute*, Construction.

In a dispute among parties concerning ownership of the proceeds of individual retirement accounts (IRAs), a designation of beneficiary form, executed in accordance with the provisions of the IRA under which it was to operate, took precedence in accordance with G. L. c. 167D, § 30, over a later testamentary disposition purporting to direct the distribution of the proceeds of the IRAs in a different manner. [706-707]

PETITION for probate filed in the Barnstable Division of the Probate and Family Court Department on December 23, 1985.

The case was heard by *John V. Harvey*, J.

*David L. Bertonazzi* for the plaintiff.

IRELAND, J. This appeal involves a clash between testamentary intent and statutory directive. Specifically, we must decide whether a designation of beneficiary form executed pursuant to an individual retirement account (IRA) takes precedence over a later testamentary disposition directing the distribution of the same IRA proceeds. We hold that a designation of beneficiary form, executed in accordance with the provisions of the IRA plan under which it is to operate, con-

---

[1]Francis X. Small, Thomas D. Small, James D. Small, and Mary Elizabeth Small.

Fitzpatrick *v*. Small.

trols.[2] We therefore reverse the judgment of the Probate Court.

Leo Fitzpatrick (the decedent) established, over the years, six IRAs at Old Colony Bank of Barnstable County (now Bank of Boston) and at Bank of Boston. In the designation of beneficiary forms of both banks, the decedent named his brother, Francis J. Fitzpatrick, as beneficiary of one hundred percent of the benefits at the decedent's death.[3] After the IRAs were created and the beneficiary was designated, the decedent executed a will which contained a provision disposing of his "IRA account[s] which stand in [his] name and Francis J. Fitzpatrick as successor administrator, [to be given] to [his] said brother, Francis J. Fitzpatrick and [his] sister, Claire D. Small, in equal shares . . . ." The decedent died three weeks later. The decedent's will was presented for probate and allowed, with the decedent's brother as appointed executor. A first and final account was presented to the Probate Court that did not include the six IRAs, and a statement of objections was filed, objecting to the failure to include the IRAs.

---

[2]There is nothing in the record to suggest that the plan provides any means for designating or changing a beneficiary other than the form provided by the plan custodian.

[3]The Bank of Boston, Individual Retirement Account, Designation of Primary Beneficiaries form executed by the decedent on December 12, 1979, contained the following language:

> "I hereby designate the person(s) listed below as primary beneficiary(ies) to receive all benefits that become due and payable in the event of my death under The First National Bank of Boston Master Individual Retirement Account (the 'Plan').
>
> \* \* \*
>
> "If I have not designated any beneficiary, or if no designated beneficiary survives me, any benefits that become due and payable under the Plan in the event of my death shall be paid to the executor of my will or the administrator of my estate to be disposed of as a general asset of my estate.
>
> "I hereby revoke any prior designation of primary beneficiary made by me under the Plan."

The Old Colony Bank of Barnstable County, N.A., Individual Retirement Custodial Account, Designation of Beneficiary Form signed by the decedent on December 29, 1982, contained substantially similar language.

After hearing, a Probate Court judge ordered that the amounts on deposit in the decedent's IRAs be included in the assets of the estate and that full effect be given to the decedent's testamentary intent, i.e., that the brother and the sister's successors in interest[4] share equally the amounts on deposit in the IRAs. The brother, named sole beneficiary in the form designating the beneficiaries of the IRAs, appeals on the ground that G. L. c. 167D, § 30, precludes the court from giving effect to the decedent's testamentary intent.

Section 30, as appearing in St. 1983, c. 590, § 2, and in effect at the time the designation of beneficiary forms were executed,[5] provides in pertinent part:

> "Any designation of any beneficiary in connection with and as provided by an instrument intended to establish a pension, profit-sharing, or other deferred compensation or retirement plan, trust or custodial account described in . . . sections [401(a), 401(f), 403(b)(7), 405(a), 408(a), 408(h)] of the Internal Revenue Code . . . shall be effective according to its terms, *notwithstanding any purported testamentary disposition allowed by statute, by operation of law or otherwise to the contrary*" (emphasis added).

We reject the plaintiffs' argument made before the Probate Court that § 30 should be read only to govern the rights between the bank and its depositors and that rights between the parties should not be affected because statutes like § 30 are intended only for the protection of banks. In *Doucette* v. *Doucette*, 361 Mass. 156, 157-158 (1972), a statute arguably similar to § 30 was held not to apply to disputes between parties, but the statute in the *Doucette* case[6] speaks of "dis-

---

[4]The sister survived the decedent but has since died.

[5]General Laws c. 167D, § 30, is identical to and was derived from a statute enacted in 1976. See G. L. c. 167, § 68, as inserted by St. 1976, c. 445.

[6]The statute construed in the *Doucette* case, G. L. c. 170, § 15, was repealed by St. 1982, c. 155, § 46, and reinserted as G. L. c. 167D, § 5. See St. 1983, c. 590, § 2.

charg[ing] the liability of the bank," language which is absent in § 30.

IRAs are "retirement plans," see 26 U.S.C. § 408(a) (1988), and are, thus, governed by § 30. The statute provides that a person who establishes an IRA is free to change the designation of beneficiary under that IRA and that, so long as he or she does so in the manner specified by the IRA plan, the change will have controlling effect. Section 30, in effect, adopts the policy of transactional finality that underlies the rule in insurance matters. In enacting § 30, the Legislature appears to have determined that the policy giving effect to testamentary intent should yield to the policy of giving prompt and final effect to the beneficiary designations in retirement plans.

In this case, the decedent, although free to change or revoke his designation of beneficiary under his IRAs (and free to designate his estate as his beneficiary), failed to comply with the provisions of the IRA plans under which he established his IRAs and, instead, apparently sought to change his designation by his will.

The judgment is reversed, and a new judgment is to enter disallowing the objections to the executor's first and final account, thus giving effect to the decedent's IRA designations of beneficiary.

*So ordered.*