[This opinion has been published in *Ohio Official Reports* at 83 Ohio St.3d 150.]

KINKLE ET AL., CO-EXECUTORS, APPELLEES, *v.* KINKLE, APPELLANT.

[Cite as *Kinkle v. Kinkle*, 1998-Ohio-119.]

*Contracts—Antenuptial agreement waiving spouse's interest in individual retirement account controls over beneficiary designation clause of an individual retirement account contract entered into prior to the antenuptial agreement.*

An antenuptial agreement waiving a spouse's interest in an individual retirement account controls over the beneficiary designation clause of an individual retirement account contract entered into prior to the antenuptial agreement.

(No. 97-61—Submitted April 22, 1998 at the Seneca County Session—Decided September 23, 1998.)

APPEAL from the Court of Appeals for Allen County, No. 1-96-40.

———————————

{¶ 1} In June 1992, decedent, Harold Kinkle ("Harold"), opened an individual retirement account ("IRA") with Fidelity Investments Southwest Company ("Fidelity"). On the IRA application, Harold did not designate a beneficiary. The application states that if no beneficiary is designated, the beneficiary will be the surviving spouse or, if the applicant has no surviving spouse, the decedent's estate. At the time he opened the IRA account, Harold was a widower with two adult children, appellees herein.

{¶ 2} In December 1994, decedent married appellant, Mary E. Kinkle ("Mary"). Shortly before their marriage, the couple entered into an antenuptial agreement whereby each released all rights to the other's property. Both parties agreed that they would "waive and release all rights, claims, titles, and interests * * * which he or she might, by reason of his or her marriage to the other, acquire in his or her property or estate * * * ." Harold expressly included the Fidelity IRA as

an individual asset in the inventory attached as an exhibit to the antenuptial agreement.

{¶ 3} Three months later, Harold passed away. On September 8, 1995, Fidelity made payment of the IRA funds in the amount of $36,234.65 to Mary. In October 1995, Harold's children brought this action on behalf of his estate in the Allen County Common Pleas Court to recover the IRA funds paid to Mary. The trial court granted appellees' motion for summary judgment, finding that the IRA funds were property of the estate and should be paid over to the appellees. The Third District Court of Appeals affirmed the trial court's decision.

{¶ 4} The cause is now before this court upon the allowance of a discretionary appeal.

_____

*Brad C. Roush*, for appellees.

*James F. Blair* and *Derek A. Younkman*, for appellant.

_____

**PFEIFER, J.**

{¶ 5} We hold that an antenuptial agreement waiving a spouse's interest in an IRA controls over the beneficiary designation clause of an IRA contract entered into prior to the antenuptial agreement.

{¶ 6} Appellant argues that the IRA contract, and its Massachusetts choice of law provision, should determine the disbursement of the IRA funds. Appellant argues that under Massachusetts law the beneficiary designation clause is controlling and effective according to its terms. The relevant portion of the "IRA Beneficiary Designation" clause reads as follows:

"I understand that if I choose not to designate my beneficiary(ies) my beneficiary will be my surviving spouse, or if I do not have a surviving spouse, my estate. I am aware that this form becomes effective when delivered to Fidelity and will remain in effect until I deliver to Fidelity another form with a later date."

**{¶ 7}** Pursuant to statute and case law in Massachusetts, testamentary disposition of retirement funds does not override the beneficiary designation made in the account contract. The relevant statute reads:

"Any designation of any beneficiary in connection with and as provided by an instrument intended to establish a pension, profit-sharing, or other deferred compensation or retirement plan * * * shall be effective according to its terms, notwithstanding any purported testamentary disposition allowed by statute, by operation of law or otherwise to the contrary * * * ." M.G.L.A., Ch. 167D, Section 30.

**{¶ 8}** Thus, in Massachusetts, one cannot defeat the beneficiary designation on a retirement fund contract by noting in a will that one is changing the beneficiary. The change must be made within the retirement fund contract itself. In *Fitzpatrick v. Small* (1991), 29 Mass App. 704, 564 N.E.2d 1035, the court ruled that the decedent's statement in his will that the proceeds of his IRAs should be divided equally between his brother and sister had no effect, since the beneficiary designation in the account contract listed only his brother.

**{¶ 9}** Even if Massachusetts law were controlling, the statute and case cited by appellant would be inapplicable. They concern *testamentary* disposition, which involves a unilateral decision by the holder of the retirement fund to change the beneficiary in a separate document outside the IRA contract. However, there is no testamentary disposition at issue in this case. Here, the beneficiary *herself* denied any interest in the funds at issue. She did so pursuant to an antenuptial agreement of unquestioned validity, a contract evidencing a meeting of the minds of her and her soon-to-be husband.

**{¶ 10}** Thus, there are *two* contracts involved in this case. The first, the contract between Fidelity and Harold, was performed according to its terms. Since Harold did not designate a specific beneficiary, the beneficiary became his wife through the language of the IRA contract. Fidelity performed under the contract.

At that point, the second contract, the antenuptial agreement governed by Ohio law, came into play. The question is whether through an antenuptial agreement a spouse may waive her right to be a beneficiary under an IRA contract. We find that she may certainly do so.

**{¶ 11}** This court has long held that prenuptial agreements controlling the distribution of assets upon the death of a spouse are enforceable. *Juhasz v. Juhasz* (1938), 134 Ohio St. 257, 12 O.O. 57, 16 N.E.2d 328. In fact, this court has held, "In Ohio, there is no public policy, statute or case law which prevents parties to antenuptial agreements from cutting one another off entirely from any participation in the estate of the other upon the death of either." *Hook v. Hook* (1982), 69 Ohio St.2d 234, 235, 23 O.O.3d 239, 239-240, 431 N.E.2d 667, 668. Appellant disputes neither those holdings nor the validity of her antenuptial agreement. She would have us simply ignore the existence of the antenuptial agreement as far as the IRA at issue is concerned. However, the contract that she entered into with Harold Kinkle determines her rights to Harold's property and estate, not the contract Harold entered into with Fidelity.

**{¶ 12}** The language of the prenuptial agreement is bluntly straightforward:

"Except as herein provided, Harold Kinkle and Mary E. Downey do hereby covenant and agree with each other that they will neither during the lifetime of each other nor after his or her death take, claim demand, or receive, and *do hereby waive and release all rights, claims, titles, and interests, actual, inchoate, or contingent, in law and equity which he or she might, by reason of his or her marriage to the other, acquire in his or her property or estate * * * .*" (Emphasis added.)

**{¶ 13}** Mary Kinkle expressly waived and released all rights and interests, including contingent interests, that she might acquire in Harold's property or estate by virtue of her marriage to him. Mary's interest in the IRA account was contingent on Harold's death, and arose only by virtue of her marriage to him — she was never listed specifically as a beneficiary under the IRA contract.

{¶ 14} At the time Harold entered into the contract, Mary was not his wife. Only because she became a "surviving spouse," *i.e*., by reason of her marriage to Harold, did Mary's interest arise. Mary waived any interest of that kind in the antenuptial agreement. The Fidelity IRA specifically was listed as Harold's property in Exhibit B to the antenuptial agreement. Mary, the would-be rightful beneficiary of the IRA funds under the IRA contract, therefore specifically waived an interest in them under the terms of the antenuptial agreement.

{¶ 15} We therefore affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, COOK and LUNDBERG STRATTON, JJ., concur.

_____