### STEPHEN D. CAIRNS *vs.* WILLIAM B. COLBURN & another.

A husband cannot establish a resulting trust in a house and land bought by his wife with money supplied by him and the deed taken in her name, upon allegations, taken together, that he sent her the money from a foreign country with directions to buy the house and land and take the deed in her name so that in event of death or accident to him abroad she and their children might have a house to live in, but that she was but a nominal purchaser and acted really as his agent, that the property was bought for and belonged to him and was always treated by them as his and not hers, that she made no claim to it, and that he did not intend to give her any beneficial interest in it except as his trustee.

BILL IN EQUITY filed June 26, 1869, to establish a resulting trust in favor of the plaintiff in a surplus of the proceeds of the sale of a house and land by a mortgagee, after deducting the amount due on the mortgage and the charges of the sale; which house and land were bought by the plaintiff's wife in 1863, when the plaintiff was in Cuba, with money which he sent to her, and the deed taken in her name subject to the mortgage. She became insane; and Edward P. Brown was appointed her guardian. Issue was joined on the answers, and the case heard by *Wells*, J., who ruled that on the pleadings and evidence no resulting trust was established, and reported the case, which is stated in the opinion.

*F. A. Perry,* for the plaintiff.

*E. P. Brown, pro se.*

BY THE COURT. The plaintiff alleges in his bill that he sent the money from Cuba to his wife, directing ·her to purchase a house and land in Boston and to have the deed made to her and in her name, so that, in case of accident or · death to him while in Cuba, his wife and children might have a house to live in. The additional averments are, that she was but a nominal purchaser of the house and was acting as agent of her husband; that the property was purchased for him, and belonged to him, and was always treated by him and his wife as his property and not hers; that she did not make claim to it, and that he did not intend to give her any beneficial interest except as his trustee. Taking all these averments together, they do not establish a re-

sulting trust; and the evidence shows that the plaintiff directed his wife to take the conveyance to herself, one of the reasons he assigned being that she might thereby be enabled to mortgage the property.                                    *Bill dismissed.*