DANIEL EDGERLY *vs.* SARAH M. EDGERLY.

The fact that the husband paid the consideration money for an estate conveyed to the wife will not control the presumption that the conveyance was intended by him as a provision for her, and will not establish a resulting trust in his favor.

BILL IN EQUITY, in which the plaintiff prayed that the defend-ant might be compelled to execute a release of all her right, title and interest in and to an estate on Cunard Street in Boston.

The bill alleged that in 1858 the plaintiff sold his interest in a copartnership, then existing between himself and one John S. Edgerly, to John S., the consideration consisting of four hundred dollars, and the estate in Cunard Street, that estate being the worth about three thousand dollars, and six other estates, worth together about four thousand dollars; that the deeds of convey ance from John S. Edgerly, of the six last-mentioned estate were in form similar to that of the Cunard Street estate, in which the name of the plaintiff appeared as grantee in the granting clause, but the consideration purported to have been paid by the defendant, and the defendant's name, and not the plaintiff's, was inserted in the habendum, and in the covenants; that at the time of the dissolution of the copartnership, the only other property of the plaintiff consisted of an estate on Barton Street in Boston, then occupied as a residence for himself and his family, and worth about eight thousand dollars; that he married the defendant in 1844; that in 1858 their children living were six, between the ages of thirteen and four; that the defendant brought no prop-erty to him on her marriage, and that she had never earned nor inherited nor become in any manner possessed of any, except that which she received from the plaintiff; that at the time of the dis-solution of copartnership, feeling impressed with the importance

of making a provision for his family, and not with the intention of defrauding creditors, he made a conveyance of the Barton Street homestead to the defendant, she paying no consideration therefor, and he intending the conveyance of the homestead as a gift to her for a future provision for herself and their children.

The bill then averred that the plaintiff did not intend to make a gift to the defendant of the estates conveyed by John S. Edgerly; that the gift of the Barton Street estate was intended by him as a settlement upon her, and that it was a suitable and sufficient settlement for her maintenance, and that he had no intention of denuding himself of his rights in the estates conveyed by John S. Edgerly.

The bill alleged further, that upon the execution of the conveyances from John S. Edgerly, the plaintiff entered into the enjoyment and possession of the estates therein conveyed, managing them in all respects as his own property, paying all taxes, insurance premiums, expenses and charges from his own earnings, and collecting all rents and incomes to his own use, giving receipts always in his own name, and not in that of the defendant, and managing and using the estates in his own way, and without any interference or attempt at interference on the part of the defendant, and applying the rents and incomes to his own purposes, never accounting nor being requested to account therefor to the defendant; and that, with the exception of the Cunard Street estate, the estates conveyed by John S. Edgerly had been sold, and the proceeds applied as the plaintiff saw fit to have them applied.

The bill then stated that in 1867 differences sprang up between the plaintiff and the defendant, which resulted in a separation in 1868 that has since continued, and that the defendant obtained against the plaintiff in 1871, a decree of divorce *nisi* under the St. of 1870. The bill also averred that, from the time of the marriage in 1844, until the separation in 1868, the plaintiff always suitably and sufficiently maintained his wife and their children from his earnings and from the income of the estates conveyed by John S. Edgerly; that until the time of the separation in 1868 he resided with her in the Barton Street homestead, with her consent

that at the time of the separation, the only one of his children requiring a support was his youngest daughter, then fourteen years old; that the defendant contributed nothing to the support of this daughter; that since 1867 the defendant had received the rents of the Cunard Street estate; and that she now claimed to hold it adversely to him; whereas he averred that whatever legal estate she had therein she held as his trustee.

The defendant's answer denied the allegation of the bill, that the plaintiff did not intend to make a gift to her of the estates conveyed by John S. Edgerly, and alleged that the said estates were, and were intended to be, gifts and grants to her for her own benefit and for the benefit of their children, according to her pleasure; and denied that the plaintiff entered into the enjoyment and possession of such estates otherwise than as her agent; and alleged that, in consequence of his having failed to account to her for the income thereof, she, in 1867, revoked all the authority with which she had clothed him, and appointed another agent, and that she had not since permitted him to manage them.

At the hearing, before *Morton,* J., it appeared that the plaintiff paid John S. Edgerly a full consideration for the estates conveyed; that he intended to have the deeds of conveyance made to his wife; that the deeds were in the first place made to him, but before their execution, the scrivener, being instructed by him to alter them, attempted to erase the name " Daniel " wherever it occurred in the deeds, and to substitute " Sarah M.," the name of the defendant; that the fact of the plaintiff, instead of the defendant, being named in the deed as grantee, was owing to the mistake of the scrivener; that at the time John S. Edgerly executed the deeds, the plaintiff intended the defendant should take the legal estate in fee; that he did not intend to make a gift of the estates to the defendant adversely to himself, but intended that she should hold them for the benefit and support of himself and family; that the plaintiff managed the estates until 1867, but supposing the defendant to have the legal title, he did not attempt to oppose her assuming the management of them in 1867. It was admitted that the plaintiff had in 1868, upon a motion of

the defendant for an allowance of money to enable her to prose-cute a libel for divorce then pending in court by her against him, declared under oath that he had caused to be conveyed to the defendant all his real estate, and that he was then without property of any kind, and that thereupon the court refused the motion, and the defendant in consequence discontinued her libel; that, subsequently, the defendant brought another libel, upon which she afterwards obtained a decree of divorce *nisi*, and the plaintiff's solicitor, by the consent of the plaintiff, filed an answer thereto, which recited " that he had conveyed all his property to her in trust for the support of the family, but she refused so to apply the income of the same;" that upon the hearing upon this libel, the plaintiff testified that he had no estate, real or personal, and that he had conveyed, and caused to be conveyed, all the real estate before belonging to him, to her, and that in consideration thereof the court, while granting to her the decree *nisi*, refused to decree any costs of suit or any allowance of money to her; and that the plaintiff has declared and avowed, but not in writing, to the defendant and to other persons, that he had caused these estates to be conveyed to the defendant. The plaintiff, at the time of the execution of the conveyances from John S. Edgerly, never declared to the defendant nor to John S. Edgerly that he intended the estates to be held in trust for himself; and he never avowed to the defendant any intention regarding the Barton Street estate different from his intention regarding the estates conveyed by John S. Edgerly. Upon these facts, the judge reported the case for the consideration of the full court; such judgment to be entered as they should deem proper.

*C. F. Williams*, for the plaintiff.

*C. Cowley*, for the defendant.

GRAY, J. This case does not present any question of the validity or effect, in law or in equity, of a deed made by a husband to his wife. The deed in this case was made by a third person at the request of the husband, with the intention of vesting the legal title in the wife.

If by reason of the insertion of the name of the husband, instead of that of the wife, in one place in the deed by mistake of

the scrivener, the deed did not pass the legal title to the wife, the husband has no need of any release from her.

If she did take the legal title by virtue of the deed, the mere fact that he paid the consideration money would not control the presumption that the deed was intended by him as a provision for her, nor establish a resulting trust in his favor without further proof that such was the intention at the time of the conveyance. *Whitten* v. *Whitten*, 3 Cush. 191. *Cairns* v. *Colburn*, 104 Mass. 274. *Dickinson* v. *Davis*, 43 N. H. 647. *Bent* v. *Bent*, 44 Vt. 555.

There is no evidence in the case to warrant the inference of such an intention. The fact, as found by the judge before whom the hearing was had, that the husband did not intend to make a gift of the estate to the wife adversely to himself, falls far short of proving that he made such a payment for the land, or for a specific part or distinct interest therein, as is necessary to establish a resulting trust. *McGowan* v. *McGowan*, 14 Gray, 119. Any inference in his favor, which could be drawn from his management of the estate for some years after the conveyance, is overcome by his subsequent unqualified declarations, on oath and otherwise, that he had caused all his real estate to be conveyed to his wife, and was without property of any kind. *Redington* v. *Redington*, 3 Ridgw. P. C. 106. The only reasonable inference from all the facts proved is, that while the husband did not intend to make a gift of the estate to his wife which would deprive him of all benefit thereof, he did intend that the use of the estate and the application of the income for her own benefit and that of himself and their children should rest in her discretion.

*Bill dismissed with costs*