## DAVIS, APPELLANT, v. DAVIS, APPELLEE.

TRUST IN LAND—ADVANCEMENT.

As a general rule, where it is clearly proved that one person has paid the purchase money for land, and the conveyance has been taken in the name of another, the law, *prima facie*, presumes a trust in favor of the person who has paid the purchase money. But the *prima facie* presumption is different in case the purchase may fairly be deemed to have been made for the benefit of the party receiving the conveyance from motives of natural love and affection on the part of the person paying the purchase money. In the latter case, the conveyance is deemed *prima facie* an advancement from which no trust results.

*Appeal from the District Court of Arapahoe County.*

ACTION in the nature of a bill in equity to compel the specific performance of an alleged contract respecting certain real estate, or, to procure a decree declaring a trust in such real estate in favor of plaintiff. Trial and judgment in favor of defendant. Plaintiff brings this appeal.

Messrs. BROWN & PUTNAM, for appellant.

Mr. L. P. MARSH, for appellee.

MR. JUSTICE ELLIOTT delivered the opinion of the court.

Plaintiff and defendant at the time of the trial of this cause in the court below were, and for many years before had been, husband and wife; and, so far as appears from the record before us, had always lived together as such in perfect amity.

The property in controversy consists of two certain lots in the city of Denver, upon which stands a small dwelling-house occupied by plaintiff and defendant as a home for the family.

Plaintiff, Jesse N. Davis, in his complaint alleges that the lots so held by defendant were purchased in the year 1880, for the sum of $400, most of which sum was paid out of moneys belonging to his wife, the defendant, Alice D. Davis.

Plaintiff further alleges that at the time the lots were purchased and conveyed to defendant, it was distinctly agreed that the lots should be deeded to defendant, because most of the purchase money had been paid by her, and that if plaintiff by his labor and money should improve said lots and make a home thereon for the family, that whenever the property should advance satisfactorily in value to plaintiff, the defendant should allow the same to be sold for the joint benefit of plaintiff and defendant, share and share alike, or, in lieu thereof, that she should convey to plaintiff an undivided half thereof.

The complaint further states that plaintiff being a carpenter by trade after the purchase of said lots caused to be erected on said lots a frame dwelling-house, fences, barn, outbuilding and other improvements, at an expense of $850, that plaintiff by his own labor and money paid for the whole of said improvements, that defendant contributed nothing thereto, and that said property is now of the value of $2,500.

Plaintiff further alleges that he has frequently requested

defendant to allow said property to be sold, or that she make to him a conveyance of an undivided half thereof, but that she absolutely refuses to comply with such request, and claims to be the sole owner of said lots and all the improvements thereon. Plaintiff prays a decree of the court awarding him a half interest in the premises or other equitable relief.

The defendant by answer specifically denies that she ever personally or by any agent of hers, at any time, made any agreement or contract of any kind, either verbal or written, whereby she agreed to allow the lots to be sold for the joint benefit of herself and husband, or that, in lieu thereof, she would convey to him an undivided half thereof, or any share in said premises.

The answer further alleges that defendant paid the whole purchase price for the lots out of her money, and that she further contributed the sum of $100 of her own money in building the residence thereon.

On the trial there was no evidence in writing whatever that defendant had ever entered into any agreement in respect to selling or conveying the premises in controversy, as alleged in the complaint; nor was there any evidence in writing, or memorandum of any kind, signed by defendant or any agent of hers, showing or tending to show that plaintiff had, or was to have, any interest in said premises at any time or under any circumstances. There was no evidence except the parol testimony of plaintiff himself, that tended to show any agreement or promise on the part of defendant that plaintiff should ever have any interest in the premises except the privileges of a home.

In the case of *Von Trotha v. Bamberger*, 15 Colo. 7, this court after much argument and consideration expressed its views upon the doctrine of express and implied trusts as follows:

" In jurisdictions having a statute of frauds like ours, the general rule is that the existence of a direct or express trust cannot be established by parol evidence. When the legal

title to land has been acquired in pursuance of a verbal agreement to hold the same in trust for a specified purpose, the agreement cannot be upheld as an express trust by reason of the statute; but, if it be clearly alleged and proved that the title has been fraudulently acquired, and is still held in fraud of the rights of another having a valuable interest in the premises, a trust by operation of law may be declared upon equitable terms. Parol evidence is admissible to prove facts from which a trust by implication of law may arise, but such evidence is not competent to prove an express trust where the statute of frauds is relied on as an objection."

In that opinion the following authorities were cited: 1 Perry, Trusts, secs. 79, 166; 2 Story, Eq. Jur. secs. 972, 980; 2 Pom. Eq. Jur., secs. 1030, 1055, 1056; *Learned v. Tritch*, 6 Colo. 432; *Kayser v. Maugham*, 8 Colo. 232; *Stewart v. Stevens*, 10 Colo. 440; *Todd v. Munson*, 53. Conn. 579.

There is very little dispute concerning the facts of this case, except as to one matter which will hereafter appear.

From the pleadings and the evidence it appears that Mrs. Davis bought the lots in controversy and that the title was taken in her name with the knowledge of Mr. Davis and without any objection on his part. Mrs. Davis furnished most of the money to buy the lots, according to the admissions of the complaint. By her evidence she shows that at least $500 of her money was invested in the lots and the improvements made thereon, though the purchase price of the lots without the improvements was only $400.

The complaint does not allege, nor does the evidence tend to prove, that the title to the premises was *fraudulently acquired* by Mrs. Davis. The claim in behalf of plaintiff is, that the defendant acquired the title subject to an express trust—that is, a trust created by an express contract between herself and her husband, and not a trust arising by operation or implication of law. There was no written evidence of any kind to support this claim. Moreover, the defendant as a witness, positively and unequivocally testified that there was no agreement on her part to allow her husband to sell

the property at any time, or that she should ever convey any interest therein to him. The plaintiff offered no other evidence than his own parol testimony in support of such an agreement. So that, even if plaintiff's case might have been established by parol evidence, this court could not, the evidence being thus conflicting, disturb the finding of the trial court upon that issue.

Counsel for appellant cite *Hall v. Linn*, 8 Colo. 264, and *Meldrum v. Meldrum*, 15 Colo. 478. Neither of those cases sustains the present plaintiff's claim. In the Hall-Linn case the confidential relation of husband and wife did not exist between the parties. As a general rule, where it is clearly proved that one person has paid the purchase money for land, and the conveyance has been taken in the name of another, the law, *prima facie*, presumes a trust in favor of the person who has paid the purchase money. But the *prima facie* presumption is different in case the purchase may fairly be deemed to have been made for the benefit of the party receiving the conveyance from motives of natural love and affection on the part of the person paying the purchase money. In the latter case the conveyance is deemed *prima facie* an advancement from which no trust results. In the Meldrum case it was found upon evidence, free from doubt, that the wife had *fraudulently acquired* the title to land in which none of her money was invested, and so her title was declared invalid

In the present case, so far as appears, the wife has always been faithful to her husband. A considerable portion of the money invested in the lots and improvements was her own money. It came to her originally from her mother. She had held on to it, or to the proceeds of it, during the whole period of her married life with plaintiff; she had kept it through the various changes of residence made by them after their marriage, to wit; from Illinois to Missouri, thence to Colorado, thence to California, and thence back again to Colorado ; she used no deceit, fraud, circumvention, undue influence or artifice of any kind in acquiring the title to the

premises. Defendant has long been an invalid. When, at last, she acquired the Denver property as a place for a home for herself and family by the use of her own means as well as by the voluntary assistance of her husband, it is not surprising that she should not be willing to dispose of it, either in whole or in part; nor is it necessarily to her discredit that she invokes the benefit of the statute of frauds rather than trust to the chances of her testimony being overborne by parol evidence. 2 Story's Eq. Jur., secs. 1202–4; *Cairns v. Colburn*, 104 Mass. 274; *Dickinson v. Davis*, 43 N. H. 647; *Groff v. Rohrer*, 35 Md. 327.

This case discloses no particular hardship. The husband has long enjoyed, still enjoys, and so far as appears will always be at liberty to enjoy, a home upon premises worth $2,500, though he has only invested $750 or $850 of his own money or labor therein.

But it is unnecessary to further consider the circumstances of the case. As we have already seen, the finding of the trial court cannot properly be disturbed by an appellate tribunal. The judgment is accordingly affirmed.

*Affirmed.*