ANDREW L. POLLOCK *vs.* AGNES D. POLLOCK.

Middlesex. January 12, 1916. — March 7, 1916.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & PIERCE, JJ.

*Trust,* Resulting. *Husband and Wife. Fraud. Wrongdoer without Remedy. Words,* "Obligation," "Creditors."

In order that a husband may establish a resulting trust in real estate purchased in the name of his wife, he must prove that he furnished either the entire consideration or a specific and definite part of it for which he should receive a de-

terminate fraction of the property conveyed, and he further must show that it was not intended at the time of the conveyance that the wife should take a beneficial interest in the property by way of gift.

Where real estate was purchased in the name of a wife and was paid for in part from a deposit in a savings bank to which both the husband and the wife had contributed for family use, in part from money furnished by the husband and in part by means of a mortgage on the real estate for which the wife alone signed the mortgage note, which remained unpaid, and where the intention of the husband was that his wife should take and hold the title to the property for their joint benefit and that of any children they might have, the husband cannot establish a resulting trust for his benefit in the real estate or in any part of it.

Where a husband caused the title to real estate to be taken in the name of his wife because "he wished to prevent these premises from being taken for his obligation" to existing creditors, this affords him no ground for establishing a resulting trust in the property conveyed.

The fact that a conveyance was fraudulent as to creditors is no ground for avoiding it between the parties.

BILL IN EQUITY, filed in the Superior Court on March 16, 1914, seeking to establish a resulting trust in favor of the plaintiff in certain land and the buildings thereon on Lewis Avenue in Arlington standing in the name of the defendant, the wife of the plaintiff, and praying that the defendant be ordered to convey the real estate to the plaintiff and to refrain from disposing of it otherwise.

The case was heard by *Wait,* J., who found the facts that are stated in the opinion and ordered that the bill be dismissed without costs. From a final decree entered in pursuance of this order the plaintiff appealed, and the judge, at the plaintiff's request, made a report under R. L. c. 159, § 23, of the material facts found by him.

*J. J. Scott,* for the plaintiff.

*W. R. Buckminster,* (*A. J. Wellington* with him,) for the defendant.

PIERCE, J. From the findings of fact it appears that on October 9, 1907, the plaintiff, with the assent and approval of his wife, the defendant, took title in the name of his wife to the real estate upon which, in his bill, he seeks to have impressed a resulting trust in his favor. The consideration paid for the conveyance was $3,000, which was made up of and had its source in money on deposit in the name of the wife in a savings bank, in cash directly furnished by the husband and from the avails of a note, signed only by the wife, which note was secured by a mortgage upon the

real estate conveyed and which does not appear ever to have been paid. The money on deposit in the name of the wife in amount was $1,057.22. Of that sum, $525 represented $486 with accumulated interest, which the wife on her marriage in 1904 brought to the husband as her "dowry." This "dowry" does not appear ever to have been given to the husband for his sole use but was intended by both husband and wife to be used for the family. Its deposit in the savings bank in the name of the wife was made at the suggestion of the husband and was for convenience in its use. Both "intended the property to be held for their joint use."

To establish a resulting trust the husband must prove that he furnished himself the entire consideration or a specific and definite part thereof, for which it was intended he should receive a determinate and fixed fraction of the whole estate conveyed. *Bailey* v. *Hemenway,* 147 Mass. 326. *Skehill* v. *Abbott,* 184 Mass. 145. In addition, the evidence must be clear that it was not intended at the time of the conveyance that the wife should take a beneficial interest in the property by way of gift, settlement or advancement. *Cairns* v. *Colburn,* 104 Mass. 274. *Edgerly* v. *Edgerly,* 112 Mass. 175. *Patterson* v. *Patterson,* 197 Mass. 112.

Considering the fact that the deposit in the savings bank was intended by husband and wife to be for family use, that both intended the property when conveyed to the wife to be for their joint use and that the note signed by the wife is outstanding and unpaid, the inference cannot be drawn that the entire consideration was paid by the husband with his own money or with money lent or given to him by his wife, nor can it be found that he furnished a distinct part of the consideration of his own money or of money lent or given to him by his wife with the intention to receive of the estate a share equivalent to the ratio the sum paid bore to the whole consideration.

The only reasonable inference is that while the husband did not intend to make a gift to the wife which would deprive him of all benefit thereof, he did intend that the wife should take and retain title for her own benefit, for his benefit and for the benefit of such family as might be given to them.

The stipulation waiving all right to the $525, filed since the decree, can have no retroactive effect in the determination of the question before us.

The facts disclose a further difficulty in the way of the plaintiff maintaining his bill. He was engaged in a business that exposed him to suits, and shortly before taking the conveyance in the name of his wife he had been sued, his property was attached and he was compelled to give a bond to discharge the attachment. "He wished to prevent these premises from being taken for his obligation — and this influenced him in having the title taken in her name."

The word "obligation" as above used must be taken to mean that there were present existing legal rights in third persons which it was the duty of the plaintiff to discharge and which if he did not might ripen into judgments. The finding of fact that there was an intent to place the property conveyed beyond the reach of creditors must be taken to have been warranted in the absence of testimony from which it may be seen that the conclusion was clearly wrong. The word "creditors" as used in this finding must be read in connection with the previous finding that the plaintiff wished to prevent these premises from being taken for his existing obligation, and we are not required to determine whether the facts warranted the inference of a specific intent to defraud future creditors and others within the meaning of St. 13 Eliz. c. 5. See *Livermore* v. *Boutelle,* 11 Gray, 217; *Lyons* v. *Urgalones,* 189 Mass. 424.

A conveyance fraudulent as to creditors is good between the parties, but "neither party can change the effect of the conveyance, as between themselves, by appealing to the purpose of either in reference to creditors." *Lufkin* v. *Jakeman,* 188 Mass. 528, 532. 20 Cyc. 621.

*Decree dismissing bill affirmed.*