CoMMONWEALTH *vs.* CHARLES FRIEDMAN.

Suffolk.    March 3, 5, 1926. — May 29, 1926.

Present: CROSBY, PIERCE, CARROLL, & WAIT, JJ.

*Receiving Stolen Goods. Practice, Criminal,* Continuance, Production of stolen article by Commonwealth.

An indictment charged a defendant with receiving and aiding in the concealment of a stolen automobile, "the property of" a certain corporation. At the trial there was evidence that an automobile owned by the corporation named in the indictment and bearing a motor number 8028402 was stolen in August; that in October a car of the same make as that corporation's, registered in the name of the defendant, with a motor number 5186934 was found by the State police, the number was processed with acids and under it was found the number 8028402; that the defendant gave the name and address of one from whom he stated he had bought the car; that the address he gave was a vacant lot and the alleged vendor could not be found by the Commonwealth and was not called to testify by the defendant. *Held,* that there was

sufficient evidence to make the case a proper one for the consideration of the jury and the judge could not properly direct a verdict in the defendant's favor.

The disposition of a motion, that an indictment when called for trial shall be continued because "counsel had just that day come into the said case," and also because of a certain publication in several newspapers which was prejudicial to the defendant, rested in the judicial discretion of the trial judge, and its denial was *held* not shown to be an abuse of discretion.

At the trial above described, it appeared that the Commonwealth knew where the automobile in question was. It did not appear that the Commonwealth had possession of it. *Held*, that in the circumstances it was not error for the trial judge to refuse to require the Commonwealth to produce the automobile upon request by the defendant.

INDICTMENT, found and returned on April 14, 1924.

The indictment contained twelve counts. The twelfth count was the only count submitted to the jury. Proceedings at the trial in the Superior Court, which was before *Broadhurst*, J., are described in the opinion. The defendant alleged exceptions.

*F. R. Mackenzie*, for the defendant.

*M. Caro*, Special Assistant District Attorney, for the Commonwealth.

CARROLL, J. The defendant was found guilty on a count in an indictment charging him with receiving and aiding in the concealment of a stolen automobile, "the property of Winslow & Co., Inc." The evidence was conflicting, but the jury could have found that an automobile, the property of "Winslow & Co., Inc.," was stolen from it in August, 1923; that this machine was numbered 8028402; that in October, 1923, a car registered in the name of Charles Friedman with the "registration No. 366499, motor No. 5186934," was found in Springer's Garage and taken to the State House and was processed with acids; "that another number appeared underneath this number, which said number was 8028402"; that the defendant said he bought the car from one Joe Bloom of 1439 Blue Hill Avenue, Dorchester; that 1439 Blue Hill Avenue was a vacant lot; that the Commonwealth was unable to locate any one by the name of Joe Bloom, and he was not called by the defendant. There was sufficient evidence to make the case a proper one for the

consideration of the jury and the judge could not properly direct a verdict in the defendant's favor.

On January 14, 1925, the defendant moved for a continuance of the case because "counsel had just that day come into the said case," and also because of a certain publication by one Goodwin in several newspapers in Boston. The motion was denied.

The granting of a continuance because the defendant's counsel claimed he was not prepared to try the case was a matter resting entirely in the sound discretion of the presiding judge. We discover nothing in the record indicating an abuse of this discretion. *Commonwealth* v. *Coyne,* 228 Mass. 269, 270. See *Commonwealth* v. *Festo,* 251 Mass. 275, 278.

The publication referred to in the motion was not as matter of law a ground for the continuation of the case. The judge was required to use his best judgment, and his discretion is not to be disturbed in the absence of evidence to show that it was abused. See *Commonwealth* v. *Capland,* 254 Mass. 556, and cases cited.

We express no opinion on the duty of the trial judge with reference to the parties responsible for the publication of the newspaper articles. Although these publications may have been in contempt of court, the question of the punishment of the parties responsible for them is not before us.

It appeared that the Commonwealth knew where the car in question was when the case was on trial. The defendant asked that the automobile be produced in evidence. The question is not presented on this record whether it would have been error for the Commonwealth to refuse to produce the stolen property if it were shown to be in its possession. The evidence did not go so far as this, it did not show that the Commonwealth had possession of the automobile; it knew where it was, but the mere fact that the whereabouts of stolen property is known did not require the Commonwealth to introduce it in evidence. It was not error of law to fail to comply with the defendant's request.

The conduct of the trial judge in refusing to grant the motion for a new trial is not before us for review. The

granting of a new trial is a matter of discretion and its refusal discloses no error. *Commonwealth* v. *Vandenhecke,* 248 Mass. 403, 407. *Commonwealth* v. *Russ,* 232 Mass. 58. *Commonwealth* v. *Teregno,* 234 Mass. 56, 60. ·

There was no error in the conduct of the trial.

*Exceptions overruled.*