# COMMONWEALTH *vs.* DAVID NAMET.

Suffolk.    June 7, 1927. — October 8, 1927.

Present: RUGG, C.J., CROSBY, PIERCE, WAIT, & SANDERSON, JJ.

*Practice, Criminal,* New trial.  *Conspiracy.   Larceny.   Evidence,* Competency.

By reason of the provisions of G. L. c. 278, § 29, as amended by St. 1922, c. 508, the Superior Court is not bound to consider a motion for a new trial of an indictment for larceny, filed more than a year after the end of the sitting at which the indictment was tried.

At the trial of several defendants jointly charged in an indictment, the district attorney called a witness for reëxamination with regard to evidence offered as to one of the defendants.   Counsel for a codefendant desired to cross-examine the witness forthwith.   The judge ruled: "I suppose this same witness may come on again and when your client is being affected by his testimony; you will have abundant opportunity to cross-examine, but I don't see the reason for promiscuous cross-examination now."   The record, on exception by that defendant after verdict, did not show that the conditions expected by the judge did not arise; and that no further request for opportunity to cross-examine was made.   *Held*, that the ruling by the judge made in the orderly direction of the trial was right.

At the trial of several defendants charged with conspiracy to commit a crime, statements tending to show the existence of a conspiracy or the course of events in its inception and operation, made by a conspirator before its termination, are admissible in evidence both against him and against the other conspirators, although made in their absence.

Several successive rulings by the judge, made as the trial above described proceeded, defining the use to be made of the testimony of one of the alleged conspirators in regard to a conversation between himself and an alleged coconspirator in which statements of a third alleged coconspirator were included, it was *held*, must have been understood to permit the use of the evidence only against a conspirator or participant and only if spoken by a conspirator or participant before the conspiracy had ended; and, no request for greater clearness or precision in the rulings having been made, exceptions thereto were overruled.

The mere fact, that the jury on all the evidence found the second and third coconspirators not guilty, did not prove that the evidence above described was admitted wrongly or require the sustaining of exceptions to its admission or to the rulings with regard to it.

Evidence is not rendered incompetent merely because, by their verdict afterwards rendered, the jury show that they disbelieve it; nor can its admission be held to be error because the verdict shows that the jurors

did not accept as true facts upon the truth of which its admissibility depended.

It was not reversible error to deny a motion for a new trial of the indictment above described, based on the fact that one of the defendant's coconspirators was found not guilty.

A motion for a new trial of an indictment, based on an allegation that the jury were affected injuriously to the interests of the defendant by the publication of certain newspaper articles, properly was denied where it appeared that the trial judge found that the jury were not so affected.

INDICTMENT, found and returned on April 14, 1924, and described in the opinion.

In the Superior Court, the indictment was tried before *Broadhurst*, J. Material evidence and rulings by the judge at the trial and on a motion for a new trial are stated in the opinion. There were verdicts of guilty. The defendant Namet alleged exceptions.

In the defendant's bill of exceptions was the following:

"In support of his third ground for a new trial, the defendant, David Namet, through his counsel, Mr. Harrington, offered copies of the Boston Post, the Boston Herald, the Boston Globe and The Boston Telegram, all dated January 12, 1925, containing attacks upon the courts, the state police and the judges, and calling for the conviction and sentence of the said David Namet, and including also a copy of the defendant's criminal record, which was inaccurate and incomplete, all of which tended to and did prejudice the court and the jury, before which this defendant was tried, and did deprive the defendant of having a fair and legal trial as provided under our constitution and laws."

The ruling by the judge on the question of the allowance. of the bill of exceptions was as follows:

"The foregoing bill of exceptions is allowed except so much thereof as consists of the clause . . . which reads as follows: 'Which was inaccurate and incomplete, all of which tended to and did prejudice the court and jury before which this defendant was tried and did deprive the defendant of having a fair and legal trial as provided under our constitution and laws.'

"Said clause is disallowed as not conformable to the truth and is ordered stricken from the bill for the following reasons:

"1. No evidence was offered and no finding made that the defendant's criminal record as alleged to be stated in the newspapers was inaccurate and incomplete.

"2. Because the newspaper articles referred to did not prejudice the court and the court did not find that they prejudiced the jury.

"3. Because the court did not find that the publication of the newspaper articles deprived the defendant of a fair and legal trial.

"4. Because the clause is a statement of the opinion or conclusion of the excepting party and not a statement of facts established by evidence and found by the court October 2, 1926."

G. L. c. 278, § 29, as amended by St. 1922, c. 508, reads as follows:

"The Superior Court may, at the sitting in which an indictment is tried, or within one year thereafter, or, in capital cases, within said year or at any time before sentence, upon motion in writing of the defendant, grant a new trial for any cause for which by law a new trial may be granted or if it appears to the court that justice has not been done, and upon such terms and conditions as the court shall order."

The case was submitted on briefs.

*A. Harrington,* for the defendant.

*W. J. Foley,* District Attorney, *& D. J. Lyne,* Assistant District Attorney for the Commonwealth.

WAIT, J.    The defendant was found guilty upon an indictment which charged him and five others with conspiring to steal automobiles; and upon two counts of another indictment which charged him, and two others in these counts, with stealing automobiles. He was acquitted on counts which charged other thefts and the receiving of stolen automobiles. He was sentenced upon the second indictment, on January 22, 1925. Execution of the sentence was stayed pending the allowance and determination of exceptions claimed to rulings made at the trial and later at the hearing of a motion for a new trial. The bill of exceptions was allowed on October 2, 1926. On that day he filed a second motion for a new trial. He has appealed from the

denial of that motion. The indictment for conspiracy was placed on file when the defendant was sentenced for the larceny.

There is nothing in the appeal. The Superior Court was not bound to consider a motion for new trial filed more than a year after the ending of the sitting at which the indictment was tried. St. 1922, c. 508. No error in the denial appears on the record.

There was no error in the refusal to permit counsel forthwith to examine a witness called by the prosecution then being reëxamined by the district attorney with regard to evidence offered against a codefendant. The judge stated: "I suppose this same witness may come on again and when your client is being affected by his testimony; you will have abundant opportunity to cross-examine, but I don't see the reason for promiscuous cross-examination now." The ruling, made in the orderly direction of the trial, was clearly right. Nothing appears to show that the conditions expected by the judge did not arise, or that any further request for opportunity to cross-examine was made.

There is no merit in the contention that the testimony of Peterson, one of the alleged conspirators, in regard to a conversation between himself and Ives, another alleged conspirator, in which statements of Charles Friedman, a third alleged party to the conspiracy, were included, was improperly admitted in evidence against the defendant. The law is well established that statements tending to show the existence of a conspiracy or the course of events in its inception and operation, made by a conspirator before its termination, are admissible in evidence against him and against the other conspirators, although made in their absence. *Commonwealth* v. *McDermott*, 255 Mass. 575, 581, and cases cited. There was evidence, already introduced or that the judge credibly could assume was about to be introduced before the jury, which, if believed, tended to connect Peterson, Ives, Friedman, and the defendant with the conspiracy to steal charged in one indictment, and with the thefts and receipts of stolen automobiles charged in the other. Until all evidence relevant to the conversation and

statements was presented, the judge could not determine whether the statement was competent and against whom it could be considered. The rulings, first, that it was admissible against only "those of the defendants with whom it was connected," next, against Ives, and, finally, against all the defendants on all the counts, left to the jury to determine what was said and by whom, whether the speaker was a conspirator or an actor in the offence, whether the defendant was a conspirator or participant in the crime; and must have been understood to permit the use of the evidence only against a conspirator or participant and only if spoken by a conspirator or participant before the conspiracy had ended. If the defendant desired greater clearness or precision in the rulings he should have asked for it. No such request appears from the bill of exceptions. The fact that the jury found Ives and Friedman not to be guilty does not prove that the evidence was admitted wrongly. Evidence is not incompetent because jurors do not believe it. Nor can its admission be held error because the verdict shows that the jurors did not accept as true the facts upon the truth of which the admissibility of the evidence depended. We must assume that the jurors followed the law and disregarded incompetent evidence.

The defendant has laid most stress on his contention that the judge was wrong in rulings made in connection with the motions for new trial. We have disposed of the second motion. The first motion set out three grounds. The second ground was that there was no evidence upon which the jury could find this defendant guilty of conspiracy as alleged. We do not consider whether this ground is properly before us after the indictment to which it relates has been placed on file without imposing sentence. The argument rests upon the acquittal of Ives. We have dealt with that in discussing the exception to the admission of evidence. It may be added that Peterson, the witness who testified to the statements of Ives, was found guilty of the conspiracy; and that there is nothing in the bill of exceptions to show that what Ives was reported as saying was all that connected the de-

fendant with the crimes charged. There was no error of law in the denial of the motion on the second ground.

The third ground of the motion was based upon the publication by four newspapers in Boston of an article by the register of motor vehicles referring to the defendant, calling for his conviction and sentence, setting out his criminal record, and attacking the police, the judges and the courts. The articles were published on January 12, 1925. The trial began January 14, 1925. Counsel for the defendant contended that the article had affected the jury, and asked time to secure affidavits from the jurors to support his contention. The request was refused. The judge also refused himself to interrogate the jurors whether they had considered the articles. We have considered one aspect of this matter in *Commonwealth* v. *Friedman,* 256 Mass. 214. It there appears that the publication was called to the court's attention before the beginning of the trial. Friedman was codefendant with Namet in both indictments. The judge refused a continuance. We have held that the matter rested in his discretion, and that no abuse appeared. We see no reason to think otherwise with regard to his dealing with the motions for new trial on this ground. His indorsement on the bill of exceptions shows that he was satisfied that the jurors were not affected, and that the trial was not rendered unfair by the publication. This is not a case where matter not in evidence was called to a jury's attention without the knowledge of court and counsel. There was opportunity to warn and to guard against prejudice. Nothing in the bill of exceptions indicates that the opportunity was not availed of and with success.

It follows that entry must be made

*Appeal dismissed.*
*Exceptions overruled.*