THOMAS H. DWYER *vs.* KATHERINE F. DWYER.

Worcester. April 14, 1931. — May 27, 1931.

Present: RUGG, C.J., CARROLL, WAIT, SANDERSON, & FIELD, JJ.

*Trust*, Resulting. *Husband and Wife.*

At the hearing of a suit in equity by a husband against his wife to have the defendant adjudged a trustee under a resulting trust for his benefit in an undivided eighteen-twenty-thirds interest in certain real estate, it appeared that the defendant suggested the purchase of a house; that she and the plaintiff each contributed $500 toward the purchase price of $2,300; that the plaintiff was to take care of a mortgage for the balance; that the conveyance was made to the defendant in accordance with the plaintiff's request; that the plaintiff "wanted a mortgage or note to show that he had an interest in

the $500," but that, when told by the conveyancer that a mortgage or note could not be given between husband and wife and that they could make an agreement that the plaintiff would have an interest for what he paid in, the plaintiff expressed his approval; that the plaintiff thereafter made the payments on the mortgage and obtained a discharge thereof, paid for a building constructed on the premises and paid off another mortgage placed on the property for that purpose; that the property was bought to make a home for the plaintiff's wife and family; that the plaintiff was content to have title in the defendant from that time until the commencement of the suit forty years later; and that, through such period, the plaintiff and the defendant kept their money, from whatever source derived, in joint bank accounts and paid their expenses therefrom. The trial judge found "that the intent of" the parties in making the agreement for the purchase of the property, "and the construction to be put on it was that the defendant owed the plaintiff the sum of $500 for his money used at the time the property was bought and not that he had a fractional or aliquot share in the property"; and the bill was dismissed. The plaintiff appealed. *Held*, that .

(1) In order for a resulting trust to be established, it must appear that it arose at the time of the conveyance to the wife;

(2) The finding by the judge was proper and required the dismissal of the bill.

The suit above described could not be maintained to have the defendant adjudged a trustee under a resulting trust for his benefit of a certain fraction of a sum of money received by the defendant from the sale of another parcel of land, where it appeared that the defendant, in order to purchase the land with a friend, desired to obtain part of the purchase price from the plaintiff and promised that she would repay it, whereupon the plaintiff gave her a savings bank book issued in their joint names; that part of the defendant's share of the purchase price was paid by the defendant with her own money and the proceeds of the sale of land of her own, and part was paid from such joint savings account; that the plaintiff made no objection to his name being omitted from the deed, and signed a deed when the property was sold later at a profit; and that, about the time when the defendant and her friend purchased the property, the plaintiff purchased another parcel of land for the benefit of his daughter, taking title in his name and paying therefor out of others of the joint bank accounts.

BILL IN EQUITY, filed in the Superior Court on January 8, 1930, and described in the opinion.

The suit was heard by *Whiting*, J., a stenographer having been appointed under G. L. c. 214, § 24; Equity Rule 29 (1926). Material facts found by the judge are stated in the opinion. By his order, a final decree was entered dismissing the bill. The plaintiff appealed.

*W. A. Murray*, for the plaintiff.

*J. E. Swift*, for the defendant.

SANDERSON, J. The plaintiff brought this bill in equity against his wife to have her adjudged a trustee, for his benefit, of an undivided eighteen-twenty-thirds interest in certain real estate in Milford, the title to which was taken in the name of the defendant on November 4, 1889. The bill also seeks to have the defendant adjudged a trustee of the sum of $5,437.50, which is alleged to be three eighths of the amount of money received by the defendant from the sale of certain real estate in the town of Brookline. The trial judge, after making a finding of facts upon evidence which is reported, entered a decree dismissing the bill. The only questions for decision are based upon the plaintiff's appeal from this decree.

The Milford transaction will first be considered. When the parties had been married a few years the defendant suggested that she should have a home where she could not be evicted and that the money saved in rent might go toward the purchase of such a home. The plaintiff then made an agreement to buy for $2,300 the real estate in Milford to which the suit in part relates. The plaintiff and defendant each contributed $500 toward this purchase price. The balance was obtained by placing a mortgage on the property to secure a note for $1,300 signed by the plaintiff and defendant. The conveyance was made to the defendant in accordance with the plaintiff's request when title passed. The trial judge found that each had an interest of $500, and that the plaintiff would take care of the mortgage indebtedness; that he "wanted a mortgage or note to show that he had an interest in the $500"; that when told by the conveyancer that a mortgage or note could not be given between husband and wife but that they could make an agreement that the plaintiff would have an interest for what he paid in, the plaintiff expressed his approval. The plaintiff made all payments on the mortgage and obtained a discharge of it in which the mortgagee quitclaimed the premises to the defendant. The plaintiff also paid for a carriage depository erected on the premises, to

be used by him in his business. To raise money for a part of the cost of this building a mortgage was placed upon the property, and when paid the plaintiff obtained a discharge quitclaiming the premises to the defendant. The plaintiff testified that the property was bought to make a home for his wife and family; that until the present time he had been satisfied to have the title as it was; and that before the bill was brought he had not requested any change in the title.

From 1889 to 1929 the parties lived together on the premises without any question of title arising. In the fall of 1929 they had a disagreement over matters not connected with the issues in this suit, and the defendant ordered the plaintiff out of the house, claiming the premises to be wholly her own. The plaintiff and the defendant through these years had kept their moneys, whether procured from the business or from the rents of the premises or from boarders, in one fund, and made deposits in banks from time to time. Sometimes rents were collected by the plaintiff and at other times by the defendant. The bank account was so kept that either could draw checks upon it. The expenses of the business, the payment of taxes, interest and repairs on the property, and living expenses were paid out of this account. Considerable sums of money were made in the business and the savings were deposited in various savings banks in the joint names of the plaintiff and the defendant or the survivor for the purpose of avoiding inheritance taxes and as an aid in the probating of the estate of the one dying first. The trial judge found and ruled that "the intent of the" parties in making the agreement for the purchase of the Milford property, "and the construction to be put on it is that the defendant owed the plaintiff the sum of $500 for his money used at the time the property was bought and not that he had a fractional or aliquot share in the property."

On an appeal from a final decree the findings of fact made by the judge based upon conflicting oral testimony will not be reversed unless plainly wrong. *Dickinson* v. *Todd*, 172 Mass. 183, 184. *Martell* v. *Dorey*, 235 Mass. 35;

39. *Powell* v. *Powell*, 260 Mass. 505, 508. See *Harvey-Watts Co.* v. *Worcester Umbrella Co.* 193 Mass. 138, 142.

The burden.was on the plaintiff to prove that he furnished a specific and definite part of the consideration for which it was intended that he should receive a determinate and fixed fraction of the whole estate. *Druker* v. *Druker*, 268 Mass. 334, 340. A resulting trust is based upon the presumption that he who supplies the purchase price intends "that the property bought shall inure to his own benefit and not that of another, and that the conveyance is taken in the name of another for some incidental reason." *Quinn* v. *Quinn*, 260 Mass. 494, 501. In *Lufkin* v. *Jakeman*, 188 Mass. 528, 530, the court said: "when the person paying the consideration for real estate is under a natural or legal obligation to provide for the person who takes the title, there is a presumption of a gift and no presumption of a resulting trust." *Edgerly* v. *Edgerly*, 112 Mass. 175. *English* v. *English*, 229 Mass. 11. *Sigel* v. *Sigel*, 238 Mass. 587. A resulting trust must arise, if at all, at the time of the execution of the deed. *Barnard* v. *Jewett*, 97 Mass. 87. *Gould* v. *Lynde*, 114 Mass. 366, 368. *Pollock* v. *Pollock*, 223 Mass. 382, 384. The mere fact that the husband paid the consideration for the property "would not control the presumption that the deed was intended by him as a provision for her [the wife], nor establish a resulting trust in his favor without further proof that such was the intention at the time of the conveyance." *Edgerly* v. *Edgerly*, 112 Mass. 175, 179. But a resulting trust may be established in favor of the husband "if he proves that he furnished the entire consideration, or a specific part thereof, and that it was not intended that the wife should hold the property by way of gift, settlement or advancement." *O'Brien* v. *O'Brien*, 256 Mass. 308, 310. *Hayward* v. *Cain*, 110 Mass. 273, 277. *Skehill* v. *Abbott*, 184 Mass. 145. *Pollock* v. *Pollock*, 223 Mass. 382. The conclusion of the trial judge upon the facts found that no resulting trust in the Milford property arose in favor of the plaintiff was right.

In regard to the Brookline transaction, the judge found that in 1924 the defendant desired to join with a friend in

the purchase of real estate in that town. The defendant informed her husband of this desire, stating that she did not have sufficient money of her own to pay her share and that she wished to obtain the balance from him, promising that she would repay it. Thereupon the plaintiff gave her a savings bank book issued in their joint names. The defendant and her friend each contributed one half to the price of the property, approximately $1,000 of the defendant's share being paid from a joint account in the Milford Savings Bank which represented her own money, another $1,000 from the sale of other land belonging to her, and the balance of $2,100 from her account as shown upon the bank book given her by the plaintiff. The judge found that the plaintiff was present when the conveyance was made and knew that his name was not mentioned in the deed, making no objections thereto, and that when the property was sold about two years later he signed the deed; that the defendant has not repaid any of this money to the plaintiff and has not said she would repay it at any time since she received it; that the Brookline real estate transaction resulted in a profit to the defendant and her coadventurer; that about the time the defendant and her friend purchased the Brookline property the plaintiff purchased other property in the same town for the benefit of his daughter, keeping the title of this property in his name and withdrawing approximately $10,000, from savings bank accounts standing jointly in the names of the plaintiff and the defendant or the survivor, with which to pay for the property. Upon the facts found the plaintiff has failed to establish a trust in his favor in the Brookline property or its proceeds.

*Decree affirmed with costs.*