ABRAHAM EPSTEIN *vs.* ANNIE EPSTEIN & others.

Bristol.    April 5, 1934. — June 28, 1934.

Present: RUGG, C.J., PIERCE, FIELD, DONAHUE, & LUMMUS, JJ.

*Trust,* Resulting. *Equity Pleading and Practice,* Master: report, recommittal. *Limitations, Statute of.*

A master, to whom was referred a suit in equity by a son against the widow and other heirs of his father, seeking to have conveyed to the plaintiff an interest in certain real estate held by the father at the time of his death as a tenant in common with the plaintiff, found that in the father's lifetime the plaintiff had negotiated for the purchase of the real estate; that he contributed a part of the purchase price, his father a part, and other members of the family a balance which had been repaid; that a mortgage, which was a part of the transaction, was signed by the plaintiff and his wife; that by the plaintiff's direction the title was taken in the name of his wife, who acted solely at his direction; that two years later his wife, at his direction, conveyed the property to him and his father as tenants in common to increase the credit of the plaintiff at certain banks; that the father did not have and did not claim any beneficial interest in the real estate; and that the father had held title to an undivided one-half interest for the use and benefit and under the direction of the plaintiff. A final decree was entered granting the plaintiff the relief sought. The defendants appealed. *Held,* that

(1) No resulting trust arose in favor of the father at the time of the purchase of the property, and nothing done afterwards could create one;

(2) The plaintiff's wife held title originally subject to a resulting trust for the plaintiff, and, when she conveyed to the plaintiff and his father as tenants in common, the father held title as trustee in succession to her;

(3) The decree for the plaintiff was proper.

A suit in equity was referred to a master under a rule directing him to report his findings "together with such questions of law, arising in the course of his duty, as any party may request." The defendant filed

with the master objections which related only to findings of fact by the master; and also filed with the master a request in writing "that the master append to his report a brief, accurate and fair summary of so much of the evidence as is necessary to enable the court to determine the questions of law arising with regard to the validity of the objections." The master annexed both the objections and the request to his report. He did not comply with the request. After the report was. filed, the defendant moved that it "be recommitted to the master for further findings and for a brief, accurate and fair summary of so much of the evidence as is necessary to enable the court to determine the questions of law arising with regard to the validity of the objections filed by" him. No affidavit of facts under Rule 46 of the Superior Court (1932) was filed. The motion to recommit was denied. There were entered an interlocutory decree overruling the defendant's exceptions and confirming the report of the master and a final decree granting relief to the plaintiff. The defendant appealed from both decrees but not from the denial of his motion to recommit. In this court he argued that Rule 90 of the Superior Court (1932) required the granting by the master of his request respecting a report of the evidence. *Held*, that in the circumstances no error of law was shown in the confirming of the master's report notwithstanding the failure of the master to comply with the request of the defendant respecting the evidence.

Whether, or how far, findings of fact made by a master shall be subject to analysis by recommitting the case to him with directions to report subsidiary facts or evidence by which the correctness of his findings in point of fact may be tested, is discretionary with the court that appointed him. Per LUMMUS, J.

It appearing in the suit in equity above described that there was no repudiation of the father's trust until after his death, and that the suit was brought in the same year, the statute of limitations was not a bar.

BILL IN EQUITY, filed in the Superior Court on November 28, 1931.

The suit was referred to a master under a rule which directed him "to hear the parties, find the facts, and report his findings to the court, together with such questions of law, arising in the course of his duty, as any party may request." Material facts found by the master are stated in the opinion. The defendants filed with the master both objections to the report and a request in writing "that the master append to his report a brief, accurate and fair summary of so much of the evidence as is necessary to enable the court to determine the questions of law arising with regard to the validity of the objections." The master did not comply with the request.

After the master's report was filed, the defendants moved

that it "be recommitted to the master for further findings and for a brief, accurate and fair summary of so much of the evidence as is necessary to enable the court to determine the questions of law arising with regard to the validity of the objections filed by them."

The suit was heard by *Hanify*, J. He denied the motion, and by his order there were entered an interlocutory decree overruling the defendants' exceptions to the master's report and confirming the report, and a final decree granting to the plaintiff the relief which he sought. The defendants appealed from the interlocutory and the final decrees only.

Among other contentions urged by them in this court, the defendants argued that they were "entitled to a compliance with" Rule 90 of the Superior Court (1932).

Rules 46 and 90 of the Superior Court (1932) read as follows:

Rule 46. "A motion must be in writing and filed before being placed upon a list for hearing, unless otherwise ordered by the court.

"The court need not hear any motion, or opposition thereto, grounded on facts, unless the facts are verified by affidavit, or are apparent upon the record and files, or are agreed and stated in writing signed by the attorneys for the parties interested.

"The court may require the filing of a brief, in such form and within such time as it may direct, as a condition precedent to being heard on a motion or interlocutory matter, or on the entry of judgment or decree upon an auditor's or master's report."

Rule 90. "When the master has prepared a draft copy of his report, he shall furnish the parties with copies thereof and notify them of a time and place when and where they may attend and suggest such alterations as they may think proper; upon consideration whereof, the master shall finally settle the draft of his report, and give notice thereof to the parties, furnishing them with copies of the report in so far as it differs from the draft report; whereupon ten days shall be allowed for bringing in written objections

thereto, briefly and clearly specifying the matters objected to and the cause thereof, which objections shall be appended to the report.

"Unless the court expressly orders otherwise, whenever any objection presented to the master raises a question of law which depends upon evidence not reported, the master, upon written request presented with the objection, shall append to his report, for the sole purpose of enabling the court to determine such question of law, a brief, accurate and fair summary of so much of the evidence as shall be necessary for such purpose. But where the objection raises the question whether the evidence was sufficient in law to support a finding of fact made by the master, no such summary shall be made without special order of the court, unless (1) the evidence shall have been taken by a stenographer selected or approved by the master before any evidence was introduced, and (2) the objecting party shall at his expense furnish the master, within the time allowed for bringing in objections, with a transcript of so much of the evidence taken by such stenographer as is material to such question of law. The master shall furnish the parties with copies of his proposed summary at least five days before filing his report.

"Upon the filing of the report in court a party whose objections are appended thereto shall be deemed to have excepted to the report for the reasons set forth in the objections, and no additional exceptions may be filed without a special order of the court."

*S. Rosenberg,* for the defendants.

*J. W. Allen,* for the plaintiff.

LUMMUS, J. The plaintiff is a son of the late Salmon Epstein. The defendants are Annie Epstein, the widow of Salmon Epstein, and the other heirs of Salmon Epstein. In 1919 the plaintiff negotiated for the purchase of a parcel of land with buildings in New Bedford, for $56,000, of which $40,000 was to be represented by a mortgage. The contract and the deed were taken in the name of the plaintiff's wife, Rose Epstein, who acted solely at the direction of the plaintiff. Of the cash paid, the plaintiff contributed

$2,800, Salmon Epstein contributed $1,500, and other members of the family lent the plaintiff the rest, which was later repaid. The $40,000 mortgage note was signed by the plaintiff and his wife.

In 1921 Rose Epstein conveyed the property to the plaintiff and Salmon Epstein as tenants in common. The master found that "the purpose for which Abraham [the plaintiff] directed his wife, Rose Epstein, to convey the property to Abraham and his father, Salmon, was to increase the credit of Abraham with the New Bedford banks," and that "Salmon Epstein did not have and did not claim any beneficial interest in the locus and that he held the undivided one-half interest of which he had title for the use and benefit of his son, Abraham, and under the direction and for the benefit of Abraham." Exceptions of the defendants to the master's report were overruled, the report was confirmed, and a final decree entered for the conveyance to the plaintiff of the half interest which had stood in the name of Salmon Epstein. The defendants appealed.

Although Salmon Epstein contributed $1,500 to the purchase price when the property was bought and the title taken in the name of Rose Epstein, there is no finding that he made his contribution for any specific interest in the property. Therefore no trust resulted in his favor. *Druker* v. *Druker*, 268 Mass. 334, 340, 341. Even though any presumption of a gift of his contribution to the plaintiff, his adult son, may be "attenuated" (*Howe* v. *Howe*, 199 Mass. 598, 604), the master finds that "The financial transactions . . . [between them] were equally consistent with the characteristic generosity of Salmon as with any proprietary interest." Besides, there is nothing to show that Salmon's contribution was not repaid. The master finds that Salmon, his son-in-law Simon Beserosky, and the plaintiff had many financial transactions over a course of years, and that "The various transactions between Abraham, Salmon and Beserosky were apparently handled to mutual satisfaction and there is no disputed claim outstanding by any of said parties." At any rate, no resulting trust in favor of Salmon arose at the time of the purchase

of the property in 1919. Nothing done afterwards could create one. *Dwyer* v. *Dwyer*, 275 Mass. 490, 494. *Quinn* v. *Quinn*, 260 Mass. 494, 503.

The fact that the title was taken in 1919 in the name of the plaintiff's wife was not conclusive that it was a gift to her, whatever may have been the presumption. *Dwyer* v. *Dwyer*, 275 Mass. 490, 494. The master finds that she "acted solely at the direction of Abraham, her husband," that Abraham, the plaintiff, acted as sole owner, and that she conveyed the property to Abraham and Salmon in 1921 "at the direction of Abraham." The answer of the defendants does not suggest that Rose was other than a trustee, but alleges "that the plaintiff, his father, Simon Beserosky and Annie Epstein, now Glassman, purchased said premises and that the interests of said Simon Beserosky and Annie Epstein, now Glassman, were acquired by the plaintiff and his father, Solomon [Salmon] Epstein." Whether Rose held subject to an enforceable resulting trust or not, it is plain that she held merely as trustee for the plaintiff, and performed her duty as such by conveying the property at his direction. *Briggs* v. *Sanford*, 219 Mass. 572, 575. *Ferguson* v. *Winchester Trust Co.* 267 Mass. 397, 400. But we see no reason to doubt that Rose held subject to an enforceable resulting trust, and the defendants do not argue the contrary.

When Rose conveyed to the plaintiff and Salmon, without consideration, the conveyance was, as to Salmon, "a mere transfer of the title, which . . . [she] held confessedly as trustee, to . . . [Salmon] to continue to hold as trustee in succession." *Howe* v. *Howe*, 199 Mass. 598, 605. See also *Cook* v. *Howe*, 280 Mass. 325, 328, 329; *Beacon Oil Co.* v. *Maniatis*, 284 Mass. 574.

The defendants complain that the master failed to append to his report a summary of so much of the evidence as was necessary to enable the court to determine questions of law raised by objections presented, as required by Rule 90 of the Superior Court (1932). No error of law is shown in confirming the report notwithstanding the failure of the master to comply with the request of the defendants for

such a summary. No such question of law was pointed out to the master, the court below or this court; all the objections, which became exceptions by force of said rule, relate to findings of fact and are not argued. Furthermore, the motion to recommit with directions to append such a summary of evidence as is required by that rule was not accompanied by any affidavit showing what the evidence was that was necessary to enable the Superior Court to determine a specified question of law arising upon a specified objection presented to the master, as provided by Rule 46 of the Superior Court (1932). *Koch, petitioner*, 225 Mass. 148, 150.

Whether, or how far, findings of fact made by a master shall be subjected to analysis by recommitting the case to him with directions to report subsidiary facts or evidence by which the correctness of his findings in point of fact may be tested, is discretionary with the court that appointed him. *E. Kronman, Inc.* v. *Bunn Bros. Inc.* 265 Mass. 549, 555. *Lamb Knitting Machine Co.* v. *Chicopee Manuf. Co.* 273 Mass. 506, 517. *Ryder* v. *Donovan*, 282 Mass. 551, 554. *Carleton & Hovey Co.* v. *Burns*, 285 Mass. 479, 483, 484. For an instance in which further analysis was ordered, see *Wilson* v. *Jones*, 280 Mass. 488.

The defendants suggest that the suit is barred by the statute of limitations. That is not so, for there was no repudiation of the trust until after the death of Salmon on October 19, 1931. *Lufkin* v. *Jakeman*, 188 Mass. 528, 530 531. *Quinn* v. *Quinn*, 260 Mass. 494, 497.

*Interlocutory decree affirmed.*
*Final decree affirmed with costs.*