COMMONWEALTH *vs.* ELMER T. KNIGHTS (and three companion cases). December 7, 1949. Exceptions overruled. The defendant's exceptions are to the denial of his motions to continue for trial indictments charging him, in three with sodomy and in one with gross lewdness. The granting of the continuance rested entirely in the sound discretion of the trial judge. *Commonwealth* v. *Brothers*, 158 Mass. 200, 205. *Commonwealth* v. *Friedman*, 256 Mass. 214, 216. *Commonwealth* v. *Millen*, 289 Mass. 441, 463. There is nothing to indicate an abuse of such discretion. Ample opportunity was given the defendant to produce the witnesses he wished to call in his defence. They appeared and testified.

*J. M. Boyle*, for the defendant.

*B. W. Flynn*, Assistant District Attorney, (*E. R. Dewing*, District Attorney, with him,) for the Commonwealth.

EDWARD KRAUTHAMER *vs.* FREDA KRAUTHAMER GORFINKLE. December 29, 1949. Decree affirmed. The plaintiff seeks to establish against his former wife a resulting trust in her interest in a piece of residential property which was purchased during the marriage. It is contended that the plaintiff furnished the entire consideration for the purchase. The title, however, was taken in the names of both parties as tenants by the entirety. The judge found that the title was so taken at the request of the husband "freely and deliberately to protect the property, as he thought, from being reached by future creditors and for the protection of his family; in that event and in the event of his death." He was engaged in a business out of which claims against him might arise. In order to establish a resulting trust he had to prove that "it was not intended at the time of the conveyance that the wife should take a beneficial interest in the property by way of gift, settlement or advancement." *Pollock* v. *Pollock*, 223 Mass. 382, 384. *Daniels* v. *Daniels*, 240 Mass. 380, 385. *Dwyer* v. *Dwyer*, 275 Mass. 490, 494. *Moat* v. *Moat*, 301 Mass. 469, 471. *Thompson* v. *Thompson*, 312 Mass. 245, 247. *Russell* v. *Myers*, 316 Mass. 669, 673. There is nothing in the specific findings of the judge or in the evidence, which is reported, that requires or should lead to a conclusion that at the time of the conveyance it was not intended that the wife should actually take for her own benefit the interest in the property which the form of the transaction would normally give to her.

The case was submitted on briefs.

*H. Kalus & H. H. Toltz*, for the plaintiff.

*D. Gorfinkle*, for the defendant.